CHESTER HOLLIS, COUNTY CLERK, v. THE PARKLAND CORPORATION.

No. 5699. Decided June 10, 1931.
(40 S. W., 2d Series, 53.)

532

*C. C. Gumm,* of Ft. Worth, for appellant.

*McCart, Curtis & McCart,* of Ft. Worth, for appellee.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

The Court of Civil Appeals for the Second District has submitted the following certificate containing certified questions:

"The Parkland Corporation of Tarrant County sought a writ of mandamus directed to Chester Hollis, county clerk of Tarrant County, requiring him to file for record a plat and dedication of a tract of land, consisting of some sixty acres, about two miles south of the city limits of Fort Worth. The plaintiff alleged that the property was dedicated for cemetery purposes under the name of the Parkland Memorial Cemetery. That plaintiff presented, or caused to be presented, to defendant 'said plats and dedications', hereinafter called plat and dedication, and tendered the same to defendant for filing and recordation in his office in Tarrant County, together with filing fee; that defendant refused to file or record said plat and dedication because the same was not approved by the City Planning Commission of the City of Fort Worth. That plaintiff presented said plat and dedication to said City Planning Commission, and that on August 2, 1928, said plat with the dedication attached thereto was in all respects approved by said City Planning Commission, subject to certain changes and conditions thereafter made. That certain owners in the vicinity of the proposed cemetery undertook to appeal from said action of said City Planning Commission to the City Council of said City of Fort Worth, and said City Council did, on August 7, 1928, upon said purported appeal, undertake to disapprove said plat, which action by said City Council was null and void, as claimed by plaintiff. That since the approval of said plat by said City Planning Commission, plaintiff has again tendered said plat with the dedication attached thereto, together with filing fee, and requested defendant to file and record the same in the 'plat records' of Tarrant County, which defendant failed and refused to do. That it was the duty of defendant to file and record said plat with the attached dedication when same was first presented to plaintiff, and especially was it the duty of defendant to file said plat and dedication after they had been approved by the City Planning Commission, as directed in chapter 231, page 342, of the General and Special Laws of Texas of 1927, contained in the Acts of the 40th Legislature, at the regular session thereof.

"Plaintiff alleged that he complied fully with the requirements of said

Act, and that it was but a ministerial duty of defendant to file said plat and dedication for record. The plat offered for record showed a division of the land into lots and a dedication of the same for cemetery purposes.

"It appears that some of the property owners adjacent to the location of the proposed cemetery are opposed to the location of the cemetery, and have employed counsel to seek to prevent said location. Counsel for defendant introduced in evidence Ordinance No. 1191, which provides that no person, firm, corporation, etc., should undertake to sell any lot from any tract of land that has been platted into an addition or sub-division, which tract if either located within the city limits of the City of Fort Worth or at any point within a space of five thousand feet beyond said limits, without first submitting an accurate map of said plat to the City Planning Commission and the City Council of the City of Fort Worth, and providing for an appeal from the order of said City Council to the district court, and providing a penalty for the violation of any of the provisions thereof. Said ordinance provides for a supervision of the acts of the City Planning Commission by the City Council, and that if any party be dissatisfied with the decision rendered by the City Council, he may within ten days present a petition to the district court of Tarrant County for the purpose of determining whether or not said petitioner has complied with the rules, regulations and ordinances of the City of Fort Worth governing the platting of new additions. This ordinance was passed on October 26, 1926, prior to the enactment of the statute passed by the 40th Legislature, heretofore noted. Defendant also introduced the ordinance providing for a City Planning Commission for the City of Fort Worth, which provided that said commission should consist of five members, three members constituting a quorum for the transaction of business. That said commission should procure information and make recommendations to the City Council and should cooperate with the Park Board, the Recreation Board, and all similar organizations, as to all facts bearing upon the needs of the city with regard to recreation grounds, the development and improvement of park and boulevards, the improvement of river fronts, the extension or opening of streets and avenues and other public ways or places, and city plans and improvements generally. That it should formulate a plan and regulate and restrict the location of trades and industries and the location of buildings designed for specific uses, and also regulate and limit the height and bulk of buildings hereinafter to be erected and, to effect such purposes, divide the city into zones of such number, shape and area as may seem best to carry out a definite plan for the betterment of the city and to submit same to the City Council for approval or rejection. By this ordinance the actions of the City Planning Commission are reviewable by and under the supervision of the City Council.

"The defendant introduced in evidence the following report and let-

ter from the City Planning Commission to the Mayor, City Council and City Manager of the City of Fort Worth:

" 'The plat of a proposed cemetery entitled Parkland Memorial Cemetery was submitted to the City Planning Commission for consideration on June 26, 1928. The location of this tract is between the Crowley Road and the Santa Fe Railroad about one and one-half miles south of the city limits. Immediately following the filing of this plan with the Commission, a protest was filed signed by the owners of approximately 2000 acres of land in the vicinity of the proposed cemetery. Mr. C. C. Gumm, attorney for the protestants, made the assertion that the Commission had the right to consider the use of land as well as the actual layout of streets, alleys, etc. This matter was referred to the Assistant City Attorney, Mr. Geo. Kemble, who concurred in the opinion. After several meetings at which this matter was taken up, the Commission held a hearing on Tuesday, July 21st, at which time the protestants produced expert testimony in an attempt to show that water would filtrate through the cemetery in graves and seep out of the sides of the hill in neighboring property carrying with it disease germs which would be inimical to the health of the community. The proponents of the cemetery introduced evidence to show that in similar cases in which injunctions were asked the courts had held that while there was a possibility of infection the probability was not sufficiently strong to warrant an injunction. Letters from the Sanitary Engineer of Dallas and State Health Officers were also introduced to show that there was no knowledge of infections from cemeteries. In addition to this a report was submitted by Dr. Martin, stating that while there was a possibility of infection, it was not probable, and in his opinion therefore not dangerous. After due consideration of the evidence, the strong probability of infection was not sufficiently conclusive to justify the City Planning Commission in refusing to approve the plat and the following resolution was subsequently passed:

" 'It is agreed that the plat of the proposed Parkland Memorial Cemetery lying between the Crowley Road and the Santa Fe Railroad, about one and one-half miles south of the city limits, would be satisfactory to the City Planning Commission after certain changes were made in the alignment and detail of the north and south road through the property and if certain other changes in the plat were made as indicated, and it was decided that there was not sufficient evidence to prove that this use of the property would be detrimental to the public health and welfare and that the City Planning Commission would not be justified in withholding approval of the plate on such grounds.'

" 'The protestants not being satisfied with the finding of the City Planning Commission requested an opportunity to present its case to the City Council before the signing of the plat and this letter is therefore

addressed to you to make clear what action has already been taken and' the reason therefor.'

"The defendant introduced the following from the minutes of the City Council:

" 'The City Planning Commission reported to City Council on an application and approved plans for a proposed cemetery, to be known as Parkland Memorial Cemetery, said cemetery to be located about one and one-half miles south of the city limits in the vicinity of Southwestern Baptist Theological Seminary. C. C. Gumm, attorney for property owners who are opposing this location of said cemetery, appeared before the City Council on behalf of his clients. A. B. Curtis then appeared before the Council representing the owners of the proposed cemetery and urged the approval of the City Planning Commission's recommendation. After due consideration of the pleas which had been made, a resolution which was, offered by Councilman Thompson and seconded by Councilman Jarvis,. was unanimously adopted, disapproving the recommendation of the City Planning Commission, and disapproving said plat.'

"It is also admitted that the provisions of chapter 231, General and' Special Laws of the State of Texas, found on page 342 of the Acts of the 40th Legislature at the regular session thereof, was adopted by the City of Fort Worth as part of its charter on February 10, 1928. Coun-- sel for plaintiff introduced in evidence, over the objection of defendant,. the following certificate of the City Planning Commission, to-wit:

" 'This is to certify that heretofore the plat and subdivision attached' hereto of a proposed cemetery, located about two miles south of the city limits of the City of Fort Worth, on and near the Crowley Road in Tar-rant County, Texas, belonging to the Parkland Corporation, was pre-sented to the City Planning Commission of the City of Fort Worth, Tex-as, for its approval. That on to-wit, August 2, 1928, said plat and sub-division were approved by said City Planning Commission, subject to cer-- tain conditions and changes which were thereafter made to the satisfaction of said City Plan Commission. That thereupon Mr. C. C. Gumm, as; attorney for J. M. Archer et al., owners of property in the vicinity of' said proposed cemetery, gave notice of appeal from said action of said' City Planning Commission to the City Council of the City of Fort Worth, Texas, and said application, together with the action of said City Planning Commission thereon, was referred to said City Council for action. That thereafter on August 7, 1928, said City Council upon said' appeal disapproved said plat and subdivision.'

"The case here presented is now before us, the district court having granted the writ of mandamus, and the defendant having appealed to this. court. We are not thoroughly agreed as to what should be done in the: premises, and we think it advisable to certify to your Honors the follow-- ing questions:

"1. Has the appellee a constitutional or statutory right to have filed for record its plat and dedication tendered to appellant?

"We note that the State Constitution, section 20, article 5, provides that the county clerk shall be the recorder of the county; and that article 16, section 15, of the Constitution provides that the Legislature shall pass laws more clearly defining the rights of the wife, in relation as well to her separate property as to that held in common with her husband, and that laws shall also be passed providing for the registration of the wife's separate property. ˙

"Article 6591, Rev. Civ. Statutes of 1925, provides that county clerks shall be recorders for their respective counties, and shall record all instruments in writing authorized or required to be recorded in the county clerk's office.

"(2) (a) Is chapter 231, Acts of the 40th Legislature, page 342, constitutional? Does said Act violate Article 1, section XIX of the State Constitution and Article XIV of the Constitution of the United States, the due process of law articles of the State and Federal Constitutions?

"(b) Is said Act in violation of Article 1, section 17 of the State Constitution?

"(c) Does said Act, if constitutional, include the platting of cemeteries and the filing of plats thereof?"

The provisions of the act of 1927 (chapter 231 of the laws passed by the 40th Legislature) [Vernon's Ann. Civ. St., art. 974a, secs. 1-3] so far as material to this case, read as follows:

"Section 1. That hereafter, every owner of any tract of land situated within the corporate limits or within five miles of the corporate limits of any city in the State of Texas which contains twenty-five thousand inhabitants or more, according to the Federal Census of 1920, or any subsequent Federal Census, who may hereafter subdivide the same in two or more parts for the purpose of laying out any subdivision of any such town, or city, or any addition thereto, or any part thereof, or suburban lots or building lots, or any lots, and streets, alleys, parks or other portions intended for public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made which shall accurately describe all of the subdivision of such tract or parcels of land, giving dimensions thereof, and the dimensions of all the streets, alleys, squares, parks, or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto."

"Section 2. That every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent or said owners or proprietors, in the manner required for the acknowledgment of deeds; and the said plat, subject to the provisions contained in

this Act, shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies."

"Section 3. That it shall be unlawful for the county clerk of any county in which such land lies to receive or record any such plan, plat or replat, unless and until the same shall have been approved by the City Planning Commission of any city affected by this Act, if said city have a City Planning Commission, and if it have no City Planning Commission, unless and until said plan, plat, or replat shall have been approved by the governing body of such city. * * * Any person desiring to have a plan, plat or replat approved as herein provided, shall apply therefor to and file a copy with the Commission or governing body herein authorized to approve same, which shall act upon same within thirty days from the filing date. If said plat be not disapproved within thirty days from said filing date, it shall be deemed to have been approved and a certificate showing said filing date and the failure to take action thereon within thirty days, from said filing date, shall on demand be issued by the City Planning Commission or governing body, as the case may be, of such city, and said certificate shall be sufficient in lieu of the written endorsement or other evidence of approval herein required. If the plan, plat or replat is approved, such commission or governing body shall indicate such finding by certificate endorsed thereon, signed by the Chairman or presiding officer of said commission or governing body, and attested by its secretary, or signed by a majority of the members of said commission or governing body. * * *"

Putting aside the grave constitutional questions involved, and treating the provisions of this act as valid, with respect to lands lying outside the territorial boundaries of the city, and as being applicable to plats of cemeteries laid out beyond said boundaries, the case will first be considered from that standpoint. The plat appears to be duly acknowledged as required by law and bears the approval of the City Planning Commission. This is all that the act calls for as a prerequisite of the recording of the plat in the office of the county clerk. With reference to the approval, or disapproval, of such plats as are contemplated by the act, at least as regards the recording of the plats, the city council of Fort Worth has nothing to do; nor does the act purport to give the city council any authority in that respect, except in case there were no city planning commission. The power to regulate the registration of instruments in the office of the county clerk does not appertain to municipalities. Even if the ordinance mentioned in the certificate could be construed as prescribing conditions upon which land owners may have a plat of their lands recorded in the office of the county clerk, still the conditions thus attempted to be imposed would be invalid for want of power in the city to make them.

Treating, then, the provisions of the act of 1927, as valid in respect

of lands lying outside the territorial boundaries of a city, and as being applicable to plats of cemeteries laid out beyond said boundaries, the Parkland Corporation would be entitled, under the facts, and by virtue of the provisions of the act, to have its plat recorded. If, on the other hand, the said act be invalid, or if for any other reason its provisions do not affect plats of cemeteries lying outside the city limits, then the right asserted herein by the corporation would be governed by the general registration statutes. Article 6591 makes it the duty of the county clerk to record all instruments of writing authorized or required to be recorded in the county clerk's office. By the provisions of article 6626, certain specified instruments "or other instruments of writing concerning lands or tenements" are authorized to be so recorded, when acknowledged or proved according to law. The plat in question and the accompanying written dedication come within the purview of the last-mentioned statute.

We recommend that the first certified question be answered by saying that the Parkland Corporation has a statutory right to have filed for record the tendered plat and dedication. An answer to the other questions is immaterial for the reasons shown above.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.