

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
Attorney General

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:                          Attention: Abe San Miguel

                                   Opinion No. 0-3827
                                   Re: Duty of the county clerk
                                       with reference to accept-
                                       ing and recording deeds
                                       with certain restrcitive
                                       clauses.

        We quote as follows from your recent letter request-
ing a legal opinion from this department:

        "The Consul General of Mexico has asked us
    to secure an opinion from you concerning the legal-
    ity of restrictive clauses contained in deeds where-
    by the sale of real estate in the State of Texas to
    Mexicans and the possession thereof by Mexicans are
    prohibited.

        "* * *.

        "If such a clause as quoted above is illegal
    in being contrary to public policy, would the Coun-
    ty Clerk be justified in refusing to records an in-
    strument containing such a restriction?"

        We have concluded that it would be improper for this
department to write upon the first question involving the legal-
ity of certain restrictive clauses in deeds.  This matter is
peculiarly one of private rights.  We have consistently deemed
it our duty, under the statutes, to refrain from writing upon
such questions.

        This is accentuated by the necessary answer to your
second question.  It is the duty of the county clerk to record

such deeds irrespective of the legality or illegality of the restrictive clauses mentioned.

It is well settled that it is the duty of the county clerk to accept for recordation onstruments delivered to him for such purpose which have been acknowledged or approved according to law. Articles 6626 and 6631; 36 Tex. Jur. 417. It was early declared in the case of Brockenbourough v. Melton, 55 Tex. 493, that:

"The clerk of the county court was required to record all instruments of writing authorized and required to be recorded."

In First National Bank v. McElroy, 112 S. W. 801, 804, the court declared that:

"The duties of a recording officer are ministerial."

The county clerk may be compelled by mandamus to record such instruments. In Hollis v. Parkland Corp., 40 S.W. (2d) 53, this was done, the Commission of Appeals pointing out:

"The plat appears to be duly acknowledged as required by law, and bears the approval of the city planning commissioner. This is all that the Act calls for as a prerequisite to the recording of the plat in the office of the county clerk.  * * *."

Moreover the clerk is liable for a penalty or for damages if he fails to preform his statutory duties with respect to the recording of instruments delivered to him for such purpose. See Article 6652; Carlisle and Co. v. King, 133 S. W. 241; 36 Tex. Jur. 426, Para. 24.

It is therefore the duty of the county clerk to accept deeds for recordation containing the restrictive clauses described in your letter notwithstanding any questions which might arise appertaining to their legality.

Yours very truly

Approved Aug. 15, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ZCS:RS

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley
Assistant

Approved:Opinion Committee
By: BWB, Chairman