

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 2, 1948

Hon. A. C. Winborn
District Attorney
Harris County
Houston, Texas

  Attn: Hon. W. K. Richardson

      Opinion No. V-624

      Re: Authority of County Clerk
        to record a map of a sub-
        division within,and ap-
        proved by the officers of,
        a town of less than 25,000
        without approval of same
        by officers of a city of
        over 25,000, within 5 miles
        of such subdivision.

Dear Sir:

  We refer to your request for an opinion on the following question:

  The governing body of Jacinto City in Harris County, a city incorporated under general law, approved a map of a subdivision of land situated in said city, outside of but within five miles of the incorporated city of Houston which has a population of more than 25,000.

  Is it necessary that the City Planning Commission of the city of Houston or the Commissioners' Court of Harris County approve the said map to authorize the County Clerk of Harris County to file and record such map in the office of the County Clerk of Harris County?

  The Acts involved in your request are Vernon's Civil Statutes, Articles 974a, enacted in 1927, and 6626, as amended in 1931.

The pertinent parts of Article 974a read in part:

"Sec. 3.  That it shall be unlawful for the County Clerk of any county in which such land lies to receive or record any such plan, plat or replat, unless and until the same shall have been approved by the City Planning Commission of any city affected by this Act, if said city have a City Planning Commission and if it have no City Planning Commission, unless and until the said plan, plat or replat shall have been approved by the governing body of such city.

"Sec. 4.  If such plan or plat, or replat shall conform to the general plan of said city and its streets, alleys, parks, playgrounds and public utility facilities, including those which have been or may be laid out, and to the general plan for the extension of such city and of its roads, streets and public highways within said city and within five miles of the corporate limits thereof, regard being had for access to and extension of sewer and water mains and the instrumentalities of public utilities, and if same shall conform to such general rules and regulations, if any, governing plats and subdivisions of land falling within its jurisdiction as the governing body of such city may adopt and promulgate to promote the health, safety, morals or general welfare of the community, and the safe, orderly and healthful development of said community (which general rules and regulations for said purposes such cities are hereby authorized to adopt and promulgate after public hearing held thereon), then it shall be the duty of said City Planning Commission or of the governing body of such city, as the case may be, to endorse approval upon the plan, plat or replat submitted to it."

In June 1931, the Supreme Court approved an opinion by the Commission of Appeals in the case of Hollis, County Clerk v. The Parkland Corporation, 120 Tex. 531, 40 S. W. (2d) 53, pertaining to the duty of the County Clerk concerning the filing and recording of

maps of subdivisions.  The Court said:

"Putting aside the grave constitutional
questions involved, and treating the provis-
ions of this act as valid, with respect to
lands lying outside the territorial boundaries
of the city . . . the case will first be con-
sidered from that standpoint.  The plat appears
to be duly acknowledged as required by law and
bears the approval of the City Planning Commis-
sion.  This is all that the act calls for as a
prerequisite of the recording of the plat in
the office of the county clerk.  With refer-
ence to the approval, or disapproval, of such
plats as are contemplated by the act, at least
as regards the recording of the plats, the city
council of Fort Worth has nothing to do; nor
does the act purport to give the city council
any authority in that respect, except in case
there was no city planning commission.  The
power to regulate the registration of instru-
ments in the office of the county clerk does
not appertain to municipalities. . . .

". . . Article 6591 makes it the duty
of the county clerk to record all instruments
of writing authorized or required to be re-
corded in the county clerk's office.  By the
provisions of article 6626, certain specified
instruments 'or other instruments of writing
concerning lands or tenements' are authorized
to be so recorded, when acknowledged or proved
according to law.  The plat in question and
the accompanying written dedication come with-
in the purview of the last-mentioned statute.

"We recommend that the first certified
question be answered by saying that The Park-
land Corporation has a statutory right to have
filed for record the tendered plat and dedica-
tion."

While the Hollis case was pending in the Su-
preme Court, Article 6626 was amended.

Article 6626, as enacted in 1846, read:

"The following instruments of writing,
which shall have been acknowledged or proved
according to law, are authorized to be re-
corded, viz. all deeds, mortgages, convey-
ances, deeds of trust, bonds for title, cove-
nants, defeasances, or other instruments of
writing concerning any lands or tenements, or
goods and chattels, or moveable property of
any description."

In 1931 Article 6626 was amended by adding
the following:

". . . provided, however, that in cases
of subdivision or re-subdivision of real prop-
erty no map or plat of any such subdivision
or re-subdivision shall be filed or recorded
until the same has been authorized by the Com-
missioners' court of the county in which the
real estate is situated by order duly entered
in the minutes of said court, except in cases
of partition or other subdivision through a
court of record; provided, that within incor-
porated cities and towns the governing body
thereof in lieu of the Commissioners' Court
shall perform the duties hereinabove imposed
upon the Commissioners' Court."

In Trawalter, County Clerk v. Schaefer, 142
Tex. 521, 179 S. W. (2d) 765, a map of property located
outside of San Antonio, but within 5 miles thereof, had
been approved by the governing body of that city, under
Article 974a but not by the Commissioners' Court as re-
quired by Article 6626. It was contended that the 1931
amendment of Article 6626 is void. The Court said in
upholding the validity of the Act:

" . . . We are fully aware of the fact
that judicial discretion may exist in judi-
cial tribunals less definitely defined than
it can exist in tribunals or authorities
which exercise purely executive or adminis-
trative powers. We are also fully aware of
the fact that executive and administrative
authorities cannot be clothed with undefined,
unrestrained, or arbitrary powers. In spite
of the rules just mentioned, we are convinced
that this act does not clothe the commission-
ers' courts with unrestrained, undefined, or

arbitrary power or even with undefined judicial discretion. To the contrary, we think the Act, taken as a whole, is sufficiently certain to furnish commissioners' courts with a definite guide to govern their actions thereunder."

With reference to the matter here under consideration, the Supreme Court then stated:

". . . Trawalter contends that Article 6626 as amended by the 1931 Act has operated to repeal the extra-territorial provisions of Article 974a, Acts 1927. We are in accord with Trawalter's contention. Article 974a, Acts 1927, provides that maps or plats of subdivisions such as the one here involved shall be approved by certain named authorities of cities and towns of 25,000 inhabitants or more, if the land represented by such maps or plats is situated within the corporate limits of such municipalities or within five miles thereof. Article 6626, Acts 1931, by its very plain language provides that no map or plat of any subdivision of land shall be filed or recorded until such filing and recording has been authorized by the commissioners' court. Article 6626, Acts 1931, then excepts from its general provision maps or plats of subdivisions situated within the corporate limits of cities and towns, and maps or plats of subdivisions authorized by courts of record. It is plainly evident that the exception to Article 6626, Acts 1931, regarding maps or plats of land situated within the corporate limits of cities and towns operates to keep in force the provisions of Article 974a, Acts 1927, insofar as such last-mentioned Act covers maps or plats of land situated within the corporate limits of the cities and towns mentioned therein, but it does not operate to preserve or keep in force such Act insofar as it covers extra-territorial lands. Certainly had the Legislature intended such a construction to be given Article 6626, Acts 1931, it would have included lands within five miles of cities and towns of 25,000 inhabitants or more in the language of the exception.

"Even if it should be held that Article
6626, Acts 1931, has not repealed the extra-
territorial provisions of Article 974a Acts
1927, then maps or plats of land located wit-
in five miles of cities and towns containing
25,000 inhabitants or more would be included
within the provisions of both Acts, and in
such instances both Acts would have to be com-
plied with.  We hardly think that such was the
intention of the Legislature; and  yet this
conclusion would be inescapable if it should
be held that Article 6626, Acts 1931, has not
repealed the extra-territorial provisions of
Article 974a, Acts 1927.  At this point we
wish to say that we express no opinion as to
the validity of the extra-territorial provis-
ion of Article 974a, Acts 1927. Hollis v. The
Parkland Corporation, 120 Texas 531, 40 S. W.
(2d) 53."

Your request pertains to a subdivision map of
land situated in Jacinto City, an incorporated town hav-
ing an estimated 4,775 inhabitants, outside of, but with-
in 5 miles of the City of Houston.  The incorporated
cities of Jacinto City and the City of Houston have no
jurisdiction within the boundaries of each other.

In the case of City of Galena Park v. the
City of Houston, 133 S. W. (2d) 162 (error refused), the
Court had under consideration the question of the exer-
cise of contemporaneous co-existent control over the same
territory.  In that regard the Court said:

". . . Since the statute does, by neces-
sary effect, so negate the passing of any such
claimed right to other cities and towns under
the general law of their creation, and, at the
same time affirmatively does confer exclusive
jurisdiction over the territory upon eligible
annexing cities, the well settled principle
that two municipal corporations cannot have co-
existent control over the same territory and
contemporaneously exercise essentially the same
governmental powers in it applies."

In City of West University Place v. City of
Bellaire, 198 S. W. (2d) 766, the Court said:

"The powers of local self government possessed by citizens of towns and cities of 5000 inhabitants or less are not so ample as those held by home rule cities. However, such powers of local self-government as are possessed by towns and cities of 5000 inhabitants or less are held by the same title, as home rule cities hold theirs; namely, by the State Constitution and general laws. Sec. 4, Art. XI of the State Constitution reads: 'Cities and towns having a population of five thousand or less may be chartered alone by general law. They may levy, assess and collect . . .' Since the title by which Bellaire and Southside Place hold their municipal jurisdiction over the territory within their corporate limits is the Constitution and general laws of this State, no part of their territory or jurisdiction is subject to expropriation by West University Place."

We therefore believe that the conclusion reached in your brief, submitted with your opinion request, is correct. Following the decision in the Trawalter case and Attorney General's Opinion O-6090, we hold that Article 6626 repealed the extra-territorial provisions of Article 974a. The City of Houston, therefore, need not and has no jurisdiction to approve the plat of property located outside its limits and within another incorporated city.

Further, Article 6626 simply requires that a city or town be incorporated in order to approve such plats. No particular size or population is required. We therefore hold that the approval of the governing body of an incorporated city or town (Jacinto City) satisfies that requirement of Article 6626. Therefore, assuming that all other requirements are met, the plat in question is a proper subject for filing or recordation.

## SUMMARY

The extra-territorial provisions of Article 974a were repealed by Article 6626. Trawalter v. Schaefer, 142 Tex. 521, 179 S. W. (2d) 765; Attorney General's Opinion O-6090. Where property is located within

an incorporated town (Jacinto City), and out-
side the limits of but within 5 miles of a
larger incorporated town (Houston), only the
approval of the governing body of the smaller
town in which the property is located is re-
quired in order that a plat of such property
may be filed and recorded by the County Clerk.
Art. 6626.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By ~~W. T. Williams~~
W. T. Williams
Assistant

WTW:vb;erc;wb

APPROVED:

~~Fagan Dickson~~
FIRST ASSISTANT
ATTORNEY GENERAL