144

CEDAR HILL MEMORIAL CEMETERY
ASSOCIATION, Appellant,

v.

J. W. STORIE et al., Appellees.

No. 15628.

Court of Civil Appeals of Texas.

Fort Worth.

June 10, 1955.

Rehearing Denied July 8, 1955.

E. G. Aycock and James Olcott Phillips, Fort Worth, for appellant.

Kelly, Morris, Keller & Walker, Howard M. Fender, Dist. Atty., Garrett Middlebrook, City Atty., Fort Worth, James H. Knapp, City Atty., Arlington, and Rawlings, Sayers, Scurlock & Eidson, and Nelson Scurlock, Fort Worth, for appellees.

MASSEY, Chief Justice.

From a summary judgment in behalf of the plaintiffs, individuals, the City of Kennedale, and the District Attorney; all of Tarrant County, the defendant Cedar Hill Memorial Cemetery Association perfected this appeal.

Judgment reversed and cause remanded.

The Cedar Hill Memorial Cemetery Association, hereinafter termed the Association, is a perpetual care cemetery corporation organized under the provisions of T.R.C.S.1925, Title 26, Articles 912a–1 to 912a–27, inclusive, commonly denominated the Cemetery Act.

Articles of particular importance to our consideration of the Act are as follows:

"Art. 912a—9. Acquisition of property. Cemetery associations, whether incorporated or unincorporated, may take by purchase, donation or devise, property, consisting of lands, mausoleums, crematories and columbariums, and/or other property within which the permanent interment of the dead shall be authorized by law. Such cemetery association may execute a declaration acknowledged by the president and secretary or other authorized officer or officers, so as to entitle it to be recorded, describing said property and declaring its intention to use said property or any part thereof for interment purposes, which declaration it may file for record in the office of the County Clerk of the county wherein the property is situated, and from the date of such filing the same shall be constructive notice of the use for which such property is intended. Such property may also be acquired by condemnation proceedings and the acquisition of such property is hereby declared to be for a public purpose.

"Art. 912a—10. Dedication. Every cemetery association, from time to time as its property may be acquired for interment purposes, shall:

"(a) In case of land, survey and subdivide such land into sections,

blocks, lots, avenues, walks and/or other subdivisions; make a good and substantial map or plat thereof showing said sections, lots, avenues, walks and/or other subdivisions, with descriptive names or numbers; and/or

"(b) * * * and shall file such map or plat in the office of the County Clerk of the county in which such property or some part thereof is situated, and shall also file for record in such County Clerk's office a written certificate or declaration of dedication of the property delineated, on said plat or map, dedicating the same exclusively to cemetery purposes. Such certificate or declaration shall be in such form as the directors or officers may prescribe, and shall be subscribed by the president or vice president and the secretary of the association, or such other person or persons as the board of directors may authorize, and acknowledged so as to entitle it to be recorded; and upon the filing of said plat and the filing of said certificate for record, the dedication of said property shall be complete for all the purposes of this Act, and thereafter such property shall be held, occupied and used exclusively for a cemetery and for cemetery purposes. Provided, however, that when reservation is made therefor in the certificate or declaration of dedication, any part or subdivision of the property so mapped and platted may, by order of the directors, be resurveyed and altered in shape and size and an amended map or plat thereof filed, so long as such change does not disturb the remains of any deceased person interred therein. Such filed map and recorded declaration shall constitute and be constructive notice to all persons of the dedication of such property to interment purposes.

"It shall be the duty of the County Clerk of the county in which such map or plat is filed to number and file such map or plat and to index the same in the general map index, giving reference to date of filing and number so that the same may be easily found, for which service the recorder shall receive a fee of One Dollar ($1).

"It shall also be the duty of the County Clerk of the county in which such declaration of dedication is filed to record the same in the deed records of said county and index the same in the general index for which service the recorder shall receive a fee of One Dollar ($1).

"Art. 912a—11. Dedication supreme until removed by Court. After such property is so dedicated to cemetery purposes, neither the dedication nor the title to the exclusive right of sepulture of a plot owner, shall ever be affected by the dissolution of the association, or by nonuser on its part, or by alienations of the property, or by any encumbrances thereon, or by forced sale under execution or otherwise, and such dedication shall not be deemed or held invalid as violating any existing laws against perpetuities or the suspension of the power of alienation of title to or use of property, but such dedication is hereby expressly permitted and shall be deemed to be in respect for the dead, a provision for the disposition of the bodies of deceased persons, and a duty to, and for the benefit of, the general public; and said property shall be held and used exclusively for cemetery purposes, unless and until the dedication shall be removed by an order and decree of the district Court of the county in which the same is situated, in a proceeding brought therefor by the governing body of the city, if said cemetery is within, or within five (5) miles from, the city limits of any city of more than twenty-five thousand (25,000) inhabitants according to the last preceding Federal census, or by the district attorney, if said cemetery is not within, or within five (5) miles of, the city limits of a city of more than twenty-five thousand (25,000) inhabitants, according to the last preceding

Federal census, or by the owner of property so situated that its value is, affected by said cemetery, upon notice and proof satisfactory to the Court that all bodies have been removed therefrom, or that no interments were made therein, and that the same is no longer used or required for interment purposes; or until the maintenance of said cemetery is enjoined or abated as a nuisance as hereinafter provided for. After such dedication and so long as said property shall remain dedicated to cemetery purposes, no railroad, street, road, alley, pipe line, telephone, telegraph, or electric line, or other public utility or thoroughfare whatsoever shall ever be laid out through, over, or across any part thereof, without the consent of the directors of the cemetery association owning or operating the same, or of not less than two-thirds of the owners of burial plots therein, and all of such property, including road, alleys, and walks therein, shall be exempt from public improvements assessments, and all public taxation, and shall not be liable to be sold on execution or applied in payment of debts due from individual owners of burial plots therein."

Pursuant to the authority of the Act, as embodied within the provisions of the foregoing Articles, the Association acquired approximately 15 acres of Tarrant County land for interment purposes, and a declaration was executed in compliance with art. 912a–9 describing the property and declaring the Association's intention to use the same for such purposes.

Pursuant to the authority of the Act, the Association prepared a form of dedication of the property under the provisions of art. 912a–10. In the declaration the property was dedicated exclusively for cemetery purposes, subscribed as provided by the Act, and acknowledged in the form requisite to other recorded instruments. Also, the land was surveyed and subdivided into cemetery sections, blocks, lots, avenues, walks, etc., and as so surveyed and subdivided a map or plat was accordingly prepared. Then the Association delivered the map or plat, along with the dedication, to the County Clerk of Tarrant County, Texas, to be filed of record. The Clerk placed both instruments of record, receiving the prescribed fee for each.

Shortly thereafter, and before there had been any interment in the premises, J. W. Storie and others, neighboring property owners, filed suit to have the dedicated use of the property declared a nuisance, and as such abated. An injunction was sought, along with prayer that the filing, recording and dedication of the property as a cemetery be removed from the records of the County Clerk, who was made a party defendant along with the Association. The City of Kennedale intervened in the suit, aligning itself on the side of the individual plaintiffs.

By the allegations of the suit so filed, the appellee property owners alleged that the property in question was approximately 2.7 miles southeast of the incorporated City of Kennedale, in Tarrant County, and was within five miles of the incorporated City of Mansfield, also in Tarrant County. The appellees alleged that since the Association's filing and recording of the plat and dedication were not premised by its having first secured the approval thereof by the City Planning Commission, City Council or other governing body of either the City of Mansfield or the City of Kennedale, such filing and recording were illegal initially, and so continued to be.

The contention of illegality as to the filing and recording, at least as to the plat, was apparently based upon the provisions of art. 974a, Platting and recording subdivisions or additions. Section 1 of the Article reads as follows:

"Hereafter every owner of any tract of land situated within the corporate limits, or within five miles of the corporate limits of any city in the State of Texas, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any tract of land or any addition to any

town or city, or for laying out suburban lots or building lots, or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof which shall accurately describe all of said subdivision or addition by metes and bounds * * *; provided, however, that no plat of any subdivision of any tract of land or any addition to any town or city shall be recorded unless the same shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto."

Section 2 of the Article provides for the acknowledgment of the plat by the owner or proprietor or a duly authorized agent in the manner required for the acknowledgment of deeds, and for its filing, subject to the provisions of the Act granting authority to cities to control the platting of surrounding territory. Acts 1927, 40th Leg., p. 342, ch. 231.

Section 3 of the Article provides that if a city have a City Planning Commission that it shall be unlawful for the County Clerk to file the plat unless and until such Commission first approve it. If the city had no such commission, provision was made for the approval by the city's governing body.

Section 9 of the Article provides that the disapproval of such a plan, plat or replat by a City Planning Commission, or by the governing body of the city, as the case may be, shall be deemed a refusal by the city of any dedication offered thereon. Section 6 provides that even when the plan or plat is approved, such should not be deemed an acceptance of any proposed dedication until

the proper authorities of a city shall have made an actual appropriation of the same by entry, use or improvement. Section 5 of the Article provides a means of vacating such a plan or plat, such authority being in the proprietors of the land with approval and consent of the same authorities charged with the duty of approval or disapproval.

The Article, 974a, is a part of V.A.T.S., Title 28, Cities, Towns and Villages, Article 961 of which provides the inapplicability of the provisions of the Title to any city, town or village until such provisions have been accepted in accordance with the Article. In the instant case, the record before us is silent upon the subject of whether any city, town or village ever adopted the provisions of such Title. Therefore, we are of the opinion that the failure of the Association to obtain from the authorities of Kennedale or Mansfield an approval of the plat it filed would be immaterial even should it be conceded by the Association that the Article might, with proper allegation and proof, have some effect. We note that there is no such concession.

However, under the provisions of art. 912a—11, relative to the removal of a prior dedication under the Cemetery Act, the District Attorney of Tarrant County joined with other plaintiffs in the trial court and alleged that the dedicated property was not within 5 miles from the city limits of any city of more than 25,000 inhabitants according to the last preceding Federal census. Under the statute this circumstance, which is stipulated, authorized the District Attorney's action. All parties plaintiff then moved for summary judgment upon the ground that the filing of the plat and dedication by the Association without prior approval of the Planning Commission or of the governing body of any neighboring city, or by the Commissioners Court of Tarrant County, Texas, was illegal and without lawful authority.

We have already quoted pertinent sections from art. 974a. We also quote from art. 6626, which is a part of Title 115, the

general registration statutes of Texas, Chapter 3, Effect of Recording:

"The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz.: * * provided, however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of the partition or other subdivision through a court of record; provided that where the real estate is situated within the corporate limits or within five miles of the corporate limits of any incorporated city or town, the governing body thereof, or the city planning commission, as the case may be, as provided in Article 974a, Vernon's Texas Civil Statutes, shall perform the duties hereinabove imposed upon the Commissioners Court." ·

By judgment entered following the hearing of the motion for summary judgment, the trial court recited that it had reached the conclusion that the map or plat of the Association which had been filed with the County Clerk was filed without proper authorization of law. The decree specifically recited that such relief as not granted therein was denied, and the relief granted was restricted to the following: "It is further Ordered, Adjudged and Decreed that said plat be and the same is hereby vacated and cancelled and the County Clerk is hereby ordered to take such steps as shall be necessary in order to make his records show that said plat is vacated and cancelled by this judgment."

There having been no disposition of the case on the merits in connection with the cemetery dedication, it thus appears that the judgment was interlocutory, and not rendered upon the whole case. Texas Rules of Civil Procedure, rule 166–A, sub. (d). It does not appear that the form of the decree was appealable despite its character. If that is true then the appeal taken in this instance was improper and should be dismissed. Maxfield v. Dunagan, Tex.Civ.App., Dallas, 1952, 254 S.W.2d 150.

However, there is some uncertainty in this connection, and we will proceed to consider the question of whether or not the act of the County Clerk in accepting and filing the map or plat at the same time he filed the Association's dedication was a proper and valid act on his part.

The appellees' contentions are principally founded upon the case of Hollis v. Parkland Corporation, Tex.Com.App., 1931, 120 Tex. 531, 40 S.W.2d 53, in which certified questions were answered. In that case the provisions of Title 28, Cities, Towns and Villages, did apply, it having been alleged and proved that the City of Fort Worth had adopted the provisions of the Title in accordance with its requirements, and the City Planning Commission had approved the plat the Parkland Corporation desired to file. The Commission of Appeals held that if the provisions of Article 974a were valid, such validity being unnecessary of determination, then the Parkland Corporation was entitled to file its plat since the City Planning Commission had approved it and whether or not the city's governing body attempted to cancel its planning commission's action would have no effect since the authority to file the plat need be premised only upon the act of the Commission. Alternatively, the Commission held, in the event the provisions of Article 974a were invalid, or if for any other reason it did not apply, the general registration statutes governed, under provisions of which Parkland Corporation had the right to have its plat filed. At that time Article 6626 did not have the provision, to wit: "provided, however, that in cases of subdivision or resubdivision of real property no map or plat of any such subdivision or re-subdi-

vision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated * * *." Provisions of the Article, as it then read, therefore affirmatively operated to make it the duty of the County Clerk to file the plat tendered. Under either statute, as then worded, the Parkland Corporation was entitled to have its plat filed, and this was the holding of the Commission of Appeals.

The Legislature was in session at the time the court's decision was rendered in the case of Hollis v. Parkland Corporation, supra, and it was by an act later passed, but before adjournment, that the same Legislature enacted the amendment making the provision for the authorization by the Commissioners Court. No doubt this action stemmed from the decision in Hollis v. Parkland Corporation.

However, at the time of the enactment into law of the provision of Article 974a there was no provision to be found elsewhere in the statutes relative to the filing of a map or plat of a cemetery, showing the burial plots, etc. It was in 1934 that a Cemetery Act, as such, was made a part of the statutes of Texas. The Act, as operative in the instant controversy, became effective in 1945.

Under the provisions of the Cemetery Act, Title 26, specific provisions relative to the filing of a dedication, and also of a plat, of a cemetery, as such, are to be found. No statutory provision under any other Title contains words specifically dealing with cemeteries and its subdivision into burial plots, etc. Under this Title, however, both the requirements to be complied with in connection with the initial filing of a cemetery plat and any subsequent alteration, amendment or cancellation thereof are specific and detailed. The legal effect and result of such compliance with the Title's provisions in this respect are also set forth.

Therefore, even if we should unnecessarily concede that Articles under other Titles relative to subdivisions and re-subdivisions of tracts of land, or of real estate additions, and embodying provisions regarding the filing of maps or plats thereof, were intended to operate to control cemeteries as well as the more common type of real estate development, we would nevertheless be required to hold that the Articles under Title 26, the Cemetery Act, control the filing of the map or plat of a cemetery coming within the provisions of the Title.

If we make such an unnecessary concession, then we would have in the Cemetery Act special provisions for the particular class of plats and dedications here involved, the effect of which relieves both the party offering such a plat as is here in controversy, and the County Clerk to whom it is tendered for filing, of any necessity of searching the statutes outside the Act itself in order to be certain whether there had been full compliance with all prerequisites of law relative to its filing. The provisions outside the Act itself being general in nature, while those within it are specific, the specific provisions are to be regarded as though they were exceptions to the general provisions and without the scope of their regulation. 39 Tex.Jur., p. 212, "Statutes," sec. 114, "General and Particular Provisions"; cases in 34 Tex. Dig., Key 225½, "General and special statutes," (in pocket parts, Key 223.4.)

■ The dedication of land as a cemetery is an act which takes the property out of ordinary commerce. Smallwood v. Midfield Oil Co., Tex.Civ.App., Texarkana, 1935, 89 S.W.2d 1086, writ dismissed. This is true under the provisions of the Cemetery Act as presently constituted. The recording of a plat of the cemetery is a part of the act of completing the dedication of the property as a cemetery. Even prior to 1934 when the Cemetery Act came into existence no Texas decision ever declared that the phrase, "subdivision of real estate (or land)", as used in art. 974a or art. 6626, applied to cemetery property.

Such a phrase, and analogous phrases in statutes of other jurisdictions, are ordi-

narily used in statutes whose objective is to place with local governmental authority the responsibility for supervising the orderly development of communities. Incident to such an objective, it is readily perceived that the requirements of formal applications, hearings, appeals, etc., all as prerequisite to the filing of a plat of a proposed subdivision, are founded upon the sound reasoning that the city or county has a vital interest in the layout of streets, roads, provisions made for parks and playgrounds, and all other factors which contribute to the orderly growth of an area. In the case of cemeteries, the public has none of these interests in the internal development of the grounds. The public may have an interest in the location of a cemetery as such, but our discussion here does not extend to that subject matter. We are therefore of the opinion that arts. 974a and 6626 do not apply to cemetery plats, and that the County Clerk is not shown to have acted improperly when he filed the plat of the cemetery land which was tendered for filing by the Association merely because there had not been a prior approval thereof by an agency mentioned in these Articles. See Clark v. Sunset Hills Memorial Park, 1954, Wash., 273 P.2d 645.

Assuming for the purposes of disposition of the case before us that we are wrong in our conclusion that the appeal should be dismissed, we are nevertheless of the opinion that the trial court fell into error when he entered summary judgment, and that the issues made by the pleadings should be tried. Therefore, an order of dismissal would not have an effect any different from that incident to an order of reversal, save for the fact that the court's order relative to the cemetery plat should be vacated.

Judgment is reversed and the cause remanded for a trial on the merits.

BOYD, J., not participating.