## SCHAEFER v. TRAWALTER, County Clerk.

### No. 11365.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 1, 1943.

Wm. Seipel and Moursund, Ball, Moursund & Bergstrom, all of San Antonio, for appellant.

John R. Shook, S. Benton Davies, and Jay Sam Levey, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Sam H. Schaefer for mandamus against Hon. Albert G. Trawalter, as County Clerk of Bexar County, to require him as such clerk to file and record a map or plat of subdivided lands situated in Bexar County and belonging to Schaefer.

Trawalter, as such county clerk, refused to file and record said map or plat for one reason, and one reason only, to-wit: The Commissioners' Court had not authorized such filing and recording of said plat or map by an order duly entered in the minutes of said court, as is required by the latter part of Article 6626, Vernon's Ann.Civ.Stats.

The trial court refused the mandamus and Schaefer has appealed.

Appellant contends that such portion of Article 6626 is unconstitutional in that it takes his property without due process of law. Article 6626 reads as follows: "The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz: all deeds, mortgages, conveyances, deeds of trust, bonds for

title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or movable property of any description; *provided, however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners' Court of the county in which the real estate is situated by order duly entered in the minutes of said Court,* except in cases of partition or other subdivision through a Court of record; provided, that within incorporated cities and towns the governing body thereof in lieu of the Commissioners' Court shall perform the duties hereinabove imposed upon the Commissioners' Court." (Italics ours.)

We sustain this contention. By this provision of the statute the Commissioners' Court of a county is given the absolute right to grant or refuse an owner of property the right to record a map or plat of his land. There is no measure or standard prescribed to govern the Commissioners' Court in passing upon such a matter.

We feel that what was said in Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 517, 19 A.L.R. 1387, governs here. We quote: "A further vice in the ordinance is that even with the necessary consent of the property owners of the district, a business house may not be erected within it except upon the building inspector's approval of the design of the building. No rule or standard is given to govern the applicant in fashioning the design of his building or to govern the inspector in approving or rejecting it. The ordinance leaves it to the unbridled discretion of the inspector to disapprove the design, resulting in a refusal of the permit and the prohibition of the building. This leaves the right to construct the building subject to the arbitrary discretion of the inspector, and of itself renders the ordinance void. The very essence of American constitutions is that the material rights of no man shall be subject to the mere will of another. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220."

Article 1, Section 19, of our State Constitution, Vernon's Ann.St., provides: "No citizen of this State shall be deprived of * * * property * * * except by the due course of the law of the land."

 Property includes the right to use, enjoy and dispose of the same. If a person is arbitrarily denied the right to subdivide his land and have a map or plat of same recorded in the deed records of the county, to thus aid him in conveying the same, he is arbitrarily denied the full use and benefit of his property in violation of the Constitution. Article 6626 does not specify what the requirements of a map or plat are, nor does it require the Commissioners' Court to act within a given space of time, or even at all upon a request for leave to file a plat, it simply provides the plat cannot be filed until such court enters an order authorizing its filing and recording. The Commissioners' Court could defeat the right to subdivide land simply by never acting upon such an application, and should it see fit to act there would be no guide or standard by which it would be governed.

Therefore, that portion of Article 6626, which provides "that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners' Court of the county in which the real estate is situated by order duly entered in the minutes of said Court," is void and of no effect.

Accordingly, the judgment of the trial court will be reversed and the cause remanded, with instructions to the trial court to issue the writ of mandamus as prayed for by appellant.