ALBERT G. TRAWALTER, COUNTY CLERK, v. SAM H. SCHAEFER.

No. A-64.  Decided April 5, 1944.
Rehearing overruled May 10, 1944.
(179 S. W., 2d Series, 765.)

*John R. Shook,* Criminal District Attorney, and *Jay Sam Levey,* Assistant Criminal District Attorney of Bexar County, of San Antonio, for petitioner.

It was error for the Court of Civil Appeals to hold that that portion of Article 6626 of the revised civil statutes, as amended, wherein the approval of the commissioners' court is required of a subdivision of real estate to be recorded by the county clerk, is unconstitutional. Paschall v. Renshaw, 142 S. W. (2d) 717; West Producing Co. v. Penn, 131 S. W. (2d) 131; 11 Texas Jur. 564, sec. 37.

*William Seipel* and *Moursund, Ball, Moursund & Bergstrom,* all of San Antonio, for respondents.

The proviso in the amendatory act of 1931 violates the Constiution, Article 1, section 28, and is void because it undertakes to confer upon commissioners' courts power to suspend the general registration law in particular cases at their own pleasure. Ex parte Faison, 93 Texas Crim. Rep. 393, 248 S. W. 343; Dockery v. State, 93 Texas Crim. Rep. 220, 247 S. W. 508; Stephenson v. Wood, 35 S. W. (2d) 794.

MR. JUSTICE CRITZ delivered the opinion of the Court.

Sam H. Schaefer, as the owner of a tract of land located in Bexar County, Texas, outside the corporate limits of the City of San Antonio, but within five miles thereof, made a map or plat of such alnd. This map or plat divides the land into blocks, lots, and streets, and dedicates the streets to the public. The purpose of the map or plat is to enable Schaefer to make sales of the lots shown thereon in accordance with the instrument. We think we have a right to assume that after the map or plat is recorded the blocks and lots shown thereon will be rendered for taxation in accordance therewith, and that the streets shown thereon will be subject to use and enjoyment as such by the public and by the owners of the blocks and lots, and that such streets will be withdrawn from taxation.

Schaefer presented the above-described map or plat to Albert G. Trawalter, as County Clerk of Bexar County, Texas, for the purpose of having it filed and recorded in the proper record of such county. Trawalter refused to file or record the instrument, solely because the Commissioners' Court of Bexar County had not authorized him to do so. It is admitted that such court had not been given the opportunity to pass on the question as to whether or not it would authorize this map or plat to be recorded.

When Trawalter refused to file or record this map or plat, Schaefer filed this suit in a district court of Bexar County as a mandamus action against Trawalter in his official capacity, to compel him to do so. Trial in the district court resulted in a judgment refusing the mandamus. This judgment was reversed by the San Antonio Court of Civil Appeals, and the cause was remanded to the district court with instructions to issue the mandamus compelling Trawalter to file and record this map or plat. 176 S. W. (2d) 591. Trawalter brings error.

A correct decision of this cause involves the proper construction to be given Article 6626, R. C. S. of Texas, 1925,

as amended by Acts of the 42nd Legislature, 1931, Chapter 217, page 371. Such Act, including the caption and emergency clause, reads as follows:

"H. B. No. 472.            CHAPTER 217.

"An Act to amend Article 6626 of the Revised Statutes of Texas, 1925, so as to provide the prerequisites for filing and recording maps and plats subdividing or resubdividing real estate, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"SECTION 1. That Article 6626 of the Revised Statutes of Texas, 1925, be amended so as to hereafter read as follows:

" 'Article 6626. The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz.: all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or movable property of any description; provided, however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the commissioners' court of the county in which the real estate is situated by order duly entered in the minutes of said court, except in cases of partition or other subdivision through a court of record; provided, that within incorporated cities and towns the governing body thereof in lieu of the commissioners' court shall perform the duties hereinabove imposed upon the commissioners' court.'

"SEC. 2. The fact that many parcels of real estate in this State have been subdivided without establishing and showing connection with original survey or sufficient other data to locate same, and placing the property in such condition as makes it impractical for purposes of taxation, and the fact that such practice will continue unless the proper legislation is enacted, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be, and the same is hereby, suspended, and it is so enacted."

As already indicated, the above-quoted Act amends Article 6626, R. C. S. of Texas, 1925. Before amendment, Article 6626 was in the same language as is the amended Act down to and including the phrase, "or movable property of any description." What follows the phrase just quoted was added by the 1931

amendment. Under Article 6626 as amended no map or plat of any subdivision or resubdivision of land can be filed or recorded until same has been authorized by the commissioners' court of the county in which the land is located. The Act makes two exceptions to its general provision. One exception is that if the land is located within the corporate limits of a city or town, the governing body thereof, "in lieu of the commissioners' court shall perform the duties hereinabove imposed upon the commissioners' court." This exception is evidently made in view of and to leave in effect Chapter 231, page 342, Acts 40th Legislature, 1927, carried as Article 974a, Vernon's Texas Civil Statutes, and Article 427b, Vernon's Penal Code, in so far as such Act does not conflict with the 1931 Act. We will refer to this matter later. The other exception is that maps or plats authorized by a court of record may be filed and recorded without being authorized by the other authorities mentioned in the Act.

The Court of Civil Appeals holds that the amended Act of 1931 is unconstitutional and void, because it fails to provide any measure or standard to guide commissioners' courts in passing on the question as to whether or not they will authorize maps or plats of real property to be filed and recorded, but, to the contrary, clothes such courts with absolute and unbridled power to grant or refuse the right to file and record, at their own arbitrary wills.

■ Counsel for Trawalter attack the holding of the Court of Civil Appeals above indicated, on the ground that, under our Constitution and laws, all official acts of the commissioners' courts are judicial acts, and that, such being the case, such courts can be clothed with power such as is defined by this Act, even though executive or administrative authorities could not be so clothed. In this connection, it is argued that this Act does not clothe commissioners' courts with arbitrary power, even though the power be not defined, because, as judicial tribunals, they may be clothed with power to exercise undefined judicial discretion. We are fully aware of the fact that judicial discretion may exist in judicial tribunals less definitely defined than it can exist in tribunals or authorities which exercise purely executive or administrative powers. We are also fully aware of the fact that executive and administrative authorities cannot be clothed with undefined, unrestrained, or arbitrary powers. In spite of the rules just mentioned, we are convinced that this Act does not clothe the commissioners' courts with unrestrained, undefined, or arbitrary power or even with undefined judicial discretion. To the contrary, we think the Act,

taken as a whole, is sufficiently certain to furnish commissioners' courts with a definite guide to govern their actions thereunder.

■ It is well settled as a rule of statutory construction in this State that it is proper to look to all parts of a legislative Act to ascertain its proper construction and meaning,—that is, to ascertain the legislative intent. It is the legislative intent that is the law. In applying this rule courts will not look alone to one phrase, clause, or sentence of an Act, but to the entire Act; and this includes the caption, the body of the Act, and the emergency clause. 39 Tex. Jur., p. 227, sec. 121; Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680; Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co., 121 Texas 594, 51 S. W. (2d) 284; Winder v. King, (Com. App.) 1 S. W. (2d) 587; Motor Inv. Co. v. City of Hamlin, 142 Texas 486, 179 S. W. (2d) 278; Creager v. Hidalgo Water Improvement District, (Com. App.) 283 S. W. 151.

■ When we come to consider the body of this Act, we find that it clothes commissioners' courts with power to determine whether or not maps or plats of land located outside of cities and towns shall be filed and recorded. When we look to the emergency clause, we find that it states that an emergency for immediate effect existed because, "many parcels of real estate in this State have been subdivided without establishing and showing connection with original survey or sufficient other data to locate same, and placing the property in such condition as makes it impractical for purposes of taxation, and the fact that such practices will continue unless proper legislation is enacted, creates * * * ." To our mind the above-quoted statement of the provisions of the emergency clause to this Act, considered with the provisions of the body of the Act, shows that the Legislature intended that maps and plats of land shall receive authority from commissioners' courts to be recorded, if they establish and show the connection of such land with the original survey of which it is a part, and contain sufficient data to locate the land contained therein, and, further, place the land shown by the map or plat in such a condition as makes it practical to tax the same according thereto. Of course, this would require the map or plat to contain sufficient data to enable the taxing authorities to correctly carry the land on the tax rolls and avoid duplicate or double renditions of the same land. So construed, the Act is not subject to the objection that it confers arbitrary or uncontrolled power on commissioners' courts, or fails to furnish such authorities with a sufficient guide to enable them to administer the same.

■ Since we have overruled the holding of the Court of Civil

Appeals that this statute is unconstitutional and void, because it fails to furnish any measure or standard to guide commissioners' courts in passing on the question as to whether or not they will authorize maps or plats to be recorded, it becomes our duty to examine Schaefer's brief in the Court of Civil Appeals, to determine if it contains other points or assignments that would call for an affirmance of the judgment of the Court of Civil Appeals.

Schaefer's brief contains several points asserting that this Act violates other sections of our State Constitution. To our mind all of these points are based on the same ground on which the Court of Civil Appeals held this Act to be invalid. Our construction of the Act, therefore, disposes of all such points or assignments.

■ It appears that the land represented by this map or plat is located within five miles of the corporate limits of San Antonio, Texas, a city of more than 25,000 inhabitants. It also appears that this map or plat has been approved by the governing body of such city, and that such city has no planning board or commission. Schaefer contends that these facts entitle this map or plat to be filed and recorded, because such matter is governed by the applicable provisions of Article 974a, Acts 1927, supra, and not by Article 6626 as amended, supra. Trawalter contends that Article 6626 as amended by the 1931 Act has operated to repeal the extraterritorial provisions of Article 974a, Acts 1927. We are in accord with Trawalter's contention. Article 974a, Acts 1927, provides that maps or plats of subdivisions such as the one here involved shall be approved by certain named authorities of cities and towns of 25,000 inhabitants or more, if the land represented by such maps or plats is situated within the corporate limits of such municipalities or within five miles thereof. Article 6626, Acts 1931, by its very plain language provides that no map or plat of any subdivision of land shall be filed or recorded until such filing and recording has been authorized by the commissioners' court. Article 6626, Acts 1931, then excepts from its general provision maps or plats of subdivisions situated within the corporate limits of cities and towns, and maps or plats of subdivisions authorized by courts of record. It is plainly evident that the exception to Article 6626, Acts 1931, regarding maps or plats of land situated within the corporate limits of cities and towns operates to keep in force the provisions of Article 974a, Acts 1927, in so far as such last-mentioned Act covers maps or plats of land situated within the corporate limits of the cities and towns mentioned therein, but it does not operate to preserve or keep

in force such Act in so far as it covers extraterritorial lands. Certainly had the Legislature intended such a construction to be given Article 6626, Acts 1931, it would have included lands within five miles of cities and towns of 25,000 inhabitants or more in the language of the exception.

Even if it should be held that Article 6626, Acts 1931, has not repealed the extraterritorial provisions of Article 974a, Acts 1927, then maps or plats of lands located within five miles of cities and towns containing 25,000 inhabitants or more would be included within the provisions of both Acts, and in such instances both Acts would have to be complied with. We hardly think that such was the intention of the Legislature; and yet this conclusion would be inescapable if it should be held that Article 6626, Acts 1931, has not repealed the extraterritorial provisions of Article 974a, Acts 1927. At this point we wish to say that we express no opinion as to the validity of the extraterritorial provision of Article 974a, Acts 1927. Hollis v. The Parkland Corporation, 120 Texas 531, 40 S. W. (2d) 53.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered April 5, 1944.

Rehearing overruled May 10, 1944.