

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 21, 1950

Hon. Will R. Wilson, Jr.       Opinion No. V-1138.
District Attorney
Dallas County             Re: Approval of maps and
Dallas, Texas                plats of subdivisions
                              by cities adjacent
                              thereto as a prere-
                              quisite to filing with
Dear Sir:                  the County Clerk.

You have requested an opinion on the following questions:

"1. Where an owner of land which lies outside the limits of any city, but within five miles of the limits of a city, divides such land into two or more parts for the purposes described in Sec. 1, Article 974a, V. C.S., does the law require that maps and plats of such land be approved by an agency of the city before filing for record with the County Clerk?

"2. If, in such case, the land is within five miles of the limits of more than one city, which city, if any, shall make the requisite approval?

"3. Is the approval of the Commissioners' Court of the county in which the land lies required for such filing and recording in all cases in which the land lies outside the limits of a city?"

In order to answer your request, it is necessary that we determine the law relative to recordation of maps or plats of land situated outside of, but within five miles of, the corporate limits of a city or town prior to the enactment of House Bill 158, Acts 51st Leg., R.S. 1949, ch.154, p.321.

Article 974a, V.C.S. (Acts 40th Leg., R.S. 1927, ch.231, p.342) provided in part:

"Sec. 1. That hereafter, every owner of any tract of land situated within the corporate limits or within five miles of the corporate limits of any city in the State of Texas which contains twenty-five thousand inhabitants or more, according to the Federal Census of 1920, or any subsequent Federal Census, who may hereafter subdivide the same in two or more parts for the purpose of laying out any subdivision of any such town, or city, or any addition thereto, or any part thereof, or suburban lots or building lots, or any lots, and streets, alleys, parks or other portions intended for public use, or for the use of purchasers or owners of lots confronting thereon or adjacent thereto, shall cause a plat to be made which shall accurately describe all of the subdivision of such tract or parcels of land, giving dimensions thereof, and the dimensions of all the streets, alleys, squares, parks, or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto.

"Sec. 2. That every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent of said owners or proprietors, in the manner required for the acknowledgment of deeds; and the said plat, subject to the provisions contained in this Act, shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies.

"Sec. 3. That it shall be unlawful for the County Clerk of any county in which such land lies to receive or record any such plan, plat or replat, unless and until the same shall have been approved by the City Planning Commission of any city affected by this Act, if said city have a City Planning Commission and if it have no City Planning Commission, unless and until the said plan, plat, or replat shall have been approved by the governing body of such city. If such land lies outside of and within five miles of more than one city affected by this Act, then the requisite approval shall be by the City Planning Commission or Governing Body, as the case may be, of

such of said cities having the largest
population. Any person desiring to have
a plan, plat or replat approved as here-
in provided, shall apply therefor to and
file a copy with the Commission or govern-
ing body herein authorized to approve same,
which shall act upon same within thirty
days from the filing date. If said plat
be not disapproved within thirty days from
said filing date, it shall be deemed to
have been approved and a certificate show-
ing said filing date and the failure to
take action thereon within thirty days from
said filing date, shall on demand be issued
by the City Planning Commission or Govern-
ing Body, as the case may be, of such city,
and said certificate shall be sufficient in
lieu of the written endorsement or other
evidence of approval herein required. If
the plan, plat or replat is approved, such
Commission or governing body shall indicate
such finding by certificate endorsed there-
on, signed by the Chairman or presiding of-
ficer of said Commission or governing body
and attested by its Secretary, or signed by
a majority of the members of said Commission
or Governing Body. Such Commission or gov-
erning body shall keep a record of such ap-
plications and the action taken thereupon,
and upon demand of the owners of any land
affected, shall certify its reasons for the
action taken in the matter."

Article 6626, V.C.S. (Acts 42nd Leg., R.S. 1931,
ch.217, p.371), provided:

"The following instruments of writing
which shall have been acknowledged or proved
according to law, are authorized to be re-
corded, viz: all deeds, mortgages, convey-
ances, deeds of trust, bonds for title, cov-
enants, defeasances or other instruments of
writing concerning any lands or tenements,
or goods and chattels, or movable property
of any description, provided, however, that
in cases of subdivision or resubdivision of
real property no map or plat of any such
subdivision or re-subdivision shall be filed
or recorded unless and until the same has
been authorized by the Commissioners' Court

of the county in which the real estate is
situated by order duly entered in the min-
utes of said Court, except in cases of par-
tition   or other subdivision through a
Court of record; provided, that within in-
corporated cities and towns the governing
body thereof in lieu of the Commissioners'
Court shall perform the duties hereinabove
imposed upon the Commissioners' Court."

In construing the provisions of the above Acts
it was held in Trawalter v. Schaefer, 142 Tex. 521, 527,
179 S.W.2d 765, 768 (1944):

". . . Article 974a, Acts 1927, pro-
vides that maps or plats of subdivisions
such as the one here involved shall be ap-
proved by certain named authorities of
cities and towns of 25,000 inhabitants or
more, if the land represented by such maps
or plats is situated within the corporate
limits of such municipalities or within
five miles thereof.  Article 6626, Acts
1931, by its very plain language provides
that no map or plat of any subdivision of
land shall be filed or recorded until such
filing and recording has been authorized
by the commissioners court.  Article 6626,
Acts 1931, then excepts from its general
provision maps or plats of subdivisions
situated within the corporate limits of
cities and towns, and maps or plats of sub-
divisions authorized by courts of record.
It is plainly evident that the exception
to Article 6626, Acts 1931, regarding maps
or plats of land situated within the corpo-
rate limits of cities and towns operates to
keep in force the provisions of Article 974a,
Acts 1927, in so far as such last-mentioned
Act covers maps or plats of land situated
within the corporate limits of the cities
and towns mentioned therein, but it does
not operate to preserve or keep in force
such Act in so far as it covers extrater-
ritorial lands.  Certainly had the Legis-
lature intended such a construction to be
given Article 6626, Acts 1931, it would
have included lands within five miles of
cities and towns of 25,000 inhabitants or
more in the language of the exception.

"Even if it should be held that Article
6626, Acts 1931, has not repealed the extra-
territorial provisions of Article 974a, Acts
1927, then maps or plats of lands located
within five miles of cities and towns con-
taining 25,000 inhabitants or more would be
included within the provisions of both Acts,
and in such instances both Acts would have
to be complied with. We hardly think that
such was the intention of the Legislature;
and yet this conclusion would be inescapable
if it should be held that Article 6626, Acts
1931, has not repealed the extraterritorial
provision of Article 974a, Acts 1927. At
this point we wish to say that we express no
opinion as to the validity of the extrater-
ritorial provision of Article 974a, Acts
1927. . . ."

It is seen from the foregoing that maps or
plats of land lying within the corporate limits of a
city or town needed only the approval of the governing
board of such city or town, while maps or plats of land
lying outside the corporate limits of a city or town
needed only the approval of the commissioners' court of
the county in which the land was situated, the extra-
territorial provisions of Article 974a, Acts of 1927,
being repealed by Article 6626. Trawalter v. Schaefer,
supra.

It is stated in 1 Sutherland, Statutory Con-
struction (3rd Ed. 1943) 1926:

"A reviving act is one which restores
legal existence and force to a statute that
has been expressly or impliedly repealed.
A repealed statute may be revived by express
enactment or by implication."

Therefore House Bill 158 is in our opinion a
reviving Act restoring the extraterritorial provisions
contained in Article 974a, which provides:

"Section 1. That hereafter every owner
of any tract of land situated within the cor-
porate limits, or within five miles of the
corporate limits of any city in the State of
Texas, who may hereafter divide the same in
two or more parts for the purpose of laying
out any subdivision of any tract of land or

any addition to any town or city, or for laying out suburban lots or building lots, or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof which shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part, giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto; provided, however, that no plat of any subdivision of any tract of land or any addition to any town or city shall be recorded unless the same shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto."

In view of the foregoing, it is our opinion that maps or plats of "land situated within the corporate limits or within five miles of the corporate limits of any city" are required by Article 974a as amended by House Bill 158, Acts 51st Leg., R.S. 1949, ch.154, p.321, to be approved by the proper authorities of such city prior to the recordation by the County Clerk. We express no opinion as to the constitutionality of the extra-territorial provisions of House Bill 158. Trawalter v. Schaefer, supra; Att'y Gen. Op. V-934 (1949).

In answer to your second question, you are advised that if such land lies outside of and within five miles of more than one city, Article 974a requires the approval of the proper authorities of the city having the largest population.

There is no provision in House Bill 158 which would indicate that it was the intention of the Legislature to repeal Article 6626. On the contrary, the enactment of House Bill 158 subsequent to the decision in Trawalter v. Schaefer, supra, indicates that it was the intention of the Legislature that both Acts (Arts. 6626 and 974a) should stand. You are therefore advised that maps or plats of land lying outside the corporate limits of a city or town must be approved by the commissioners' court.

### SUMMARY

Maps or plats of land situated within five miles of the corporate limits of any city are required by Article 974a, V.C.S., to be approved by the proper authorities of the city. If such land lies within five miles of more than one city, Article 974a requires the approval of the proper authorities of the city having the largest population. Maps or plats of land lying outside the corporate limits of a city require the additional approval of the commissioners' court. Art. 6626, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:jmc:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
   John Reeves
   Assistant