**CITY OF CORPUS CHRISTI v. GOUGER et al.**

No. 12228.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1951.

Rehearing Denied March 7, 1951.

———◆———

I. M. Singer, Hodge Thompson, Corpus Christi, for appellant.

Oscar Spitz, Corpus Christi, for Winship Development Co.

Neal B. Marriott, Corpus Christi, for John L. Tompkins, trustee.

Jake B. Jarmon, Jr., and William E. Brown, Corpus Christi, for R. R. Williams and wife, Lena M. Williams.

William R. Anderson, Jr., Corpus Christi, for Mrs. Henry E. Gouger, County Clerk.

NORVELL, Justice.

The court below held that the 1949 Act amending Section 1 of Article 974a, Vernon's Ann.Civ.Stats., and repealing Section 10 of the same Article did not have the effect of vesting the City of Corpus Christi with authority to control the filing and recording of subdivision plats affecting lands lying outside the corporate limits of the City but within five miles distance therefrom. Acts 1949, 51st Leg. p. 321, ch. 154.

The original Act relating to the platting and recording of subdivisions was passed in 1927, Acts 1927, 40th Leg., p. 342, ch. 231, and purported to give cities of more than 25,000 inhabitants authority over the filing of plats of subdivisions lying within five miles of the city limits. Cities of less than 25,000 could exercise this authority if authorized to do so by a vote of the qualified voters of the municipality.

The 1927 Act, Art. 974a, Vernon's Ann. Civ.Stats., consisted of ten sections in addition to the severability and repealing clauses. Of the sections necessary to notice here, Section 1 provided that the owner of a tract of land within the city limits or within five miles distance therefrom should meet certain specifications in preparing a subdivision plat. Section 3 provided that the County Clerk should not receive or record a plat or map of a subdivision of land unless the same had been approved by

the City Planning Commission or by the Governing Body of the city if it had no Planning Commission. Section 4 generally provided that the proper authority of the city should endorse its approval on the plat if it were in accordance with the general plan adopted by the city in laying out and providing for its streets, parks, playgrounds, etc.

In 1931, Article 6626, Vernon's Ann.Civ. Stats., was amended so as to provide, "that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners' Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of partition or other subdivision through a Court of record; provided, that within incorporated cities and towns the governing body thereof in lieu of the Commissioners' Court shall perform the duties hereinabove imposed upon the Commissioners' Court."

In Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765, 768, the Supreme Court said: "Article 974a, Acts 1927, provides that maps or plats of subdivisions such as the one here involved shall be approved by certain named authorities of cities and towns of 25,000 inhabitants or more, if the land represented by such maps or plats is situated within the corporate limits of such municipalities or within five miles thereof. Article 6626, Acts 1931, by its very plain language provides that no map or plat of any subdivision of land shall be filed or recorded until such filing and recording has been authorized by the commissioners court. Article 6626, Acts 1931, then excepts from its general provision maps or plats of subdivisions situated within the corporate limits of cities and towns, and maps or plats of subdivisions authorized by courts of record. It is plainly evident that the exception to Article 6626, Acts 1931, regarding maps or plats of land situated within the corporate limits

of cities and towns operates to keep in force the provisions of Article 974a, Acts 1927, in so far as such last-mentioned Act covers maps or plats of land situated within the corporate limits of the cities and towns mentioned therein, but it does not operate to preserve or keep in force such Act in so far as it covers extraterritorial lands. Certainly had the Legislature intended such a construction to be given Article 6626, Acts 1931, it would have included lands within five miles of cities and towns of 25,000 inhabitants or more in the language of the exception."

The 1949 Act does not expressly stat⊦ that it is an amendment to the 1931 Act, and it does not purport to do anything further than to amend Section 1 of Article 974a by making more detailed requirements as to maps or plats of land lying within incorporated cities or within five miles distance therefrom, and repeal Section 10 in its entirety. Said Act does not restore to the City Planning Commission or the City Governing Body the powers theretofore vested in said bodies prior to the 1931 amendment of Article 6626.

We are unable to agree with appellant's contention that the amendment of Section 1 and the repeal of Section 10 of Article 974a impliedly repealed the provisions of the 1931 amendment to Article 6626, which the Supreme Court, in Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765, held deprived cities of the authority to prevent plats of subdivisions outside the city limits from being filed or recorded. Repeals by implication are not favored and if the Legislature desires to reinvest the cities of the State with authority over maps and plats of subdivided lands lying outside the municipal limits, it must employ language indicating a clear intention to modify the provisions of Article 6626 as the same have been construed by the Supreme Court.

The judgment appealed from is affirmed.

POPE, J., did not participate in the consideration and disposition of this appeal.