

**PRICE DANIEL**
ATTORNEY GENERAL

*Any statement num...
with C.bb in
overruled*

February 5, 1952

Hon. Ramie H. Griffin
Crim. Dist. Attorney
Jefferson County
Beaumont, Texas

Opinion No. V-1401

Re: Legality of the County
Clerk recording the plat
of a subdivision within
five miles of an incor-
porated city when it has
been approved by the City
Planning Commission but
not by the Commissioners'
Court.

Dear Sir:

You have requested an opinion on the follow-
ing question:

"... whether or not it is necessary
for the Commissioner's Court to approve
the plat of a subdivision located within
five miles of an incorporated city when the
plat has been approved by the appropriate
city authorities."

The original act relating to the platting
and recording of subdivisions was passed in 1927, and
became Article 974a, V.C.S. This act purported to
give cities of 25,000 inhabitants or more authority
over the filing of plats of subdivisions within five
miles of the city limits and authorized cities of
less than 25,000 inhabitants to adopt its provisions.
City of Corpus Christi v. Gouger, 236 S.W.2d 870 (Tex.
Civ. App. 1951, error ref.). The act required that
such plats be approved by the City Planning Commission
or by the governing body of the city if it had no Plan-
ning Commission.

In 1931, Article 6626, V.C.S., was amended
so as to provide:

"The following instruments of writing
which shall have been acknowledged or proved
according to law, are authorized to be re-
corded, viz.: all deeds, mortgages, convey-
ances, deeds of trust, bonds for title,

covenants, defeasances or other instruments
of writing concerning any lands or tenements,
or goods and chattels, or movable property
of any description; provided, however, that
in cases of subdivision or re-subdivision of
real property no map or plat of any such sub-
division or re-subdivision shall be filed or
recorded unless and until the same has been
authorized by the Commissioners' Court of the
county in which the real estate is situated
by order duly entered in the minutes of said
Court, except in cases of partition or other
subdivision through a Court of record; pro-
vided, that within incorporated cities and
towns the governing body thereof in lieu of
the Commissioners' Court shall perform the
duties hereinabove imposed upon the Commis-
sioners' Court." (Emphasis added.)

In construing the above provisions, the Supreme
Court stated in Trawalter v. Schaefer, 142 Tex. 521,
179 S.W.2d 765 (1944):

". . . It is plainly evident that the
exception to Article 6626, Acts 1931, regard-
ing maps or plats of land situated within the
corporate limits of cities and towns operates
to keep in force the provisions of Article 974a,
Acts 1927, in so far as such last-mentioned
Act covers maps or plats of land situated with-
in the corporate limits of the cities and towns
mentioned therein, but it does not operate to
preserve or keep in force such Act in so far
as it covers extraterritorial lands. Certainly
had the Legislature intended such a construc-
tion to be given Article 6626, Acts 1931, it
would have included lands within five miles of
cities and towns of 25,000 inhabitants or more
in the language of the exception.

"Even if it should be held that Article
6626, Acts 1931, has not repealed the extra-
territorial provisions of Article 974a, Acts
1927, then maps or plats of lands located
within five miles of cities and towns contain-
ing 25,000 inhabitants or more would be includ-
ed within the provisions of both Acts, and in
such instances both Acts would have to be com-
plied with. We hardly think that such was the

intention of the Legislature; and yet this conclusion would be inescapable if it should be held that Article 6626, Acts 1931, has not repealed the extraterritorial provision of Article 974a, Acts 1927. . . ." 179 S.W.2d at 768.

In 1949, Article 974a was amended by H.B. 158, Acts 51st Leg., R.S. 1949, ch. 154, p. 321. In construing this amendment the court stated in <u>City of Corpus Christi v. Gouger</u>, supra:

"The 1949 Act does not expressly state that it is an amendment to the 1931 Acts, and it does not purport to do anything further than to amend Section 1 of Article 974a by making more detailed requirements as to maps or plats of land lying within incorporated cities or within five miles distance therefrom, and repeal Section 10 in its entirety. Said Act does not restore to the City Planning Commission or the City Governing Body the powers theretofore vested in said bodies prior to the 1931 amendment of Article 6626.

"We are unable to agree with appellant's contention that the amendment of Section 1 and the repeal of Section 10 of Article 974a impliedly repealed the provisions of the 1931 amendment to Article 6626, which the Supreme Court, in Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765, held deprived cities of the authority to prevent plats of subdivisions outside the city limits from being filed or recorded. Repeals by implication are not favored and if the Legislature desires to reinvest the cities of the State with authority over maps and plats of subdivided lands lying outside the municipal limits, it must employ language indicating a clear intention to modify the provisions of Article 6626 as the same have been construed by the Supreme Court." 236 S.W.2d at 871.

House Bill 661, Acts 52nd Leg., R.S. 1951, ch. 403, p. 745, amended Article 6626 so that it now provides:

"The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz.:  all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or moveable property of any description; provided, however, that in cases of subdivision or resubdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of the partition or other subdivision through a court of record; provided that where the real estate is situated within the corporate limits or within five miles of the corporate limits of any incorporated city or town, the governing body thereof or the city planning commission, as the case may be, as provided in Article 974a, Vernon's Texas Civil Statutes, shall perform the duties hereinabove imposed upon the Commissioners Court."

The emergency clause of House Bill 661 of the 52nd Legislature states:

"The fact that the decision of the Supreme Court in the case of Trawalter, County Clerk vs. Shaefer, 179 S.W.2d 765, has raised a question whether the governing bodies or planning commissions within the corporate limits or within five (5) miles of the corporate limits of such cities still have the powers conferred upon them by said Article 974a, Vernon's Texas Civil Statutes, creates an emergency . . ."

In view of the legislative and judicial history of Articles 974a and 6626, V.C.S., it is our opinion that maps or plats of land within the corporate limits or within five miles of the corporate limits of an incorporated city or town must be approved only by the governing body of such city or town or the city

planning commission.  These plats do not need the approval of the commissioners' court of the county in which the land is situated in order to be filed or recorded with the county clerk.

In view of the fact that Jefferson County has a population of 195,083 inhabitants according to the 1950 Federal Census, we must consider one further act (Senate Bill 321, Acts 52nd Leg., R.S. 1951, ch. 151, p. 256, codified as Art. 2372k, V.C.S.) in connection with your request.  Senate Bill 321, supra, provides for the approval of maps or plats of lands lying outside the corporate limits of the city or town by the commissioners' court in counties having a population of 190,000 inhabitants or more.  This act was passed on April 25, 1951.  House Bill 661 (amending Article 6626, V.C.S.) was passed on May 31, 1951.  Since House Bill 661 is a later enactment of the same Legislature, it will operate to repeal that portion of Senate Bill 321 to the extent of any conflict in their terms.  Ex parte Maria de Jesus de la O, 227 S.W.2d 212 (Tex. Crim. 1950); Att'y Gen. Op. V-990 (1950).  Obviously Senate Bill 321 and House Bill 661 are in conflict with respect to the approval of maps or plats of lands by the commissioners' courts prior to recording in the office of the county clerk.  Thus, House Bill 661, being the later enactment of the same Legislature, will control over the provisions of Senate Bill 321.  Ex parte Maria de Jesus de la O, supra.

We therefore agree with your conclusion that maps or plats of land lying within five miles of the corporate limits of an incorporated city or town need not be approved by the commissioners' court as a prerequisite to recording.

## SUMMARY

Maps or plats of land lying within the corporate limits or within five miles of the corporate limits of an incorporated city or town must be approved only by the governing body or the city planning commission of such city or town, and need not be approved by the commissioners' court of the county in which

the land is situated, to be filed or recorded with the county clerk. Article 6626, V.C.S., as amended by House Bill 661, Acts 52nd Leg., R.S. 1951, ch. 403, p. 745.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant