

# The Attorney General of Texas

October 22, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1ᶜ    exas, Suite 700
Hu__,on, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable S. Dorbandt Carroll
Anderson County Attorney
P. O. Box 707
Palestine, Texas    75801

Opinion No. JM-365

Re: Clarification of statutes relating to approval of sub-division plats

Dear Mr. Carroll:

You have requested clarification of the current statutes relating to the power and duty of the commissioners court of Anderson County and the power and duty of the city of Palestine to approve maps and plats of subdivisions that are located outside the corporate limits of the city of Palestine. It is our opinion that within the city of Palestine's one-mile extraterritorial jurisdiction, as determined by article 970a, V.T.C.S., a subdivision plat shall not be filed without the authorization of both the city of Palestine and Anderson County. Both the city and the county are authorized to independently regulate subdivisions within the area of the one-mile extraterritorial jurisdiction, except that whenever the regulations of the city and the county are in conflict, the more stringent provisions prevail. In unincorporated areas outside the city's one-mile extraterritorial jurisdiction, the county is authorized to approve or disapprove subdivision plats and the city has no authority to regulate subdivisions or approve the filing of plats, except as provided by the Interlocal Cooperation Act.

In March of 1983, this office issued an opinion on the authority of the city of Palestine at that time to approve subdivision maps and plats for land located outside the city limits. Attorney General Opinion JM-20 (1983), traced the enactment of and amendments to articles 970a, 974a, 6626, and 6626a, V.T.C.S., as well as interpretations of the acts by the courts and this office, and concluded that the city of Palestine had the authority and duty to approve or disapprove all maps and plats of subdivisions of land located within five miles of its corporate boundaries. Since the issuance of that opinion, three sessions of the legislature have enacted, reenacted and amended those and other statutes relating to the approval of subdivision plats.

Acts 1983, 68th Leg., ch. 327, at 1717, both amended article 6626a, V.T.C.S., and enacted article 6626aa, V.T.C.S., as a new

statute. As amended by chapter 327, article 6626a applied to all counties with an exception that is not applicable to Anderson County and authorized a commissioners court to refuse approval of a plat of a subdivision for any tract of land situated without the corporate limits of any city if the plat does not meet the requirements authorized by that act. V.T.C.S. art. 6626a, §§1, 3, 4. As enacted by chapter 327, article 6626aa provides in part, that

> [I]n areas under a city's extraterritorial juris-
> diction as defined by [article 970a], no plat
> shall be filed with the county clerk without the
> authorization of both the city and the county.
> Inside said extraterritorial jurisdiction the city
> shall have independent authority to regulate
> subdivisions under [article 970a], and [974a], and
> other statutes applicable to cities; and the
> county shall have independent authority to
> regulate subdivisions under [article 6626a], and
> other statutes applicable to counties. Inside
> said extraterritorial jurisdiction whenever such
> city regulations conflict with such county regula-
> tions, the more stringent provisions of such
> regulations shall govern; and in unincorporated
> areas outside said extraterritorial jurisdiction a
> city shall have no authority to regulate sub-
> divisions or to authorize the filing of plats,
> except as provided by The Interlocal Cooperation
> Act [article 4413 (32c)]. (Emphasis added).

Acts 1983, 68th Leg., ch. 327, §2, at 1720-21.

Attorney General Opinion JM-121, issued in December 1983, concluded that, notwithstanding that articles 974a and 6626, V.T.C.S., provided for city approval of subdivision plats within five miles of the corporate limits of a city, the amendment and enactment of articles 6626a and 6626aa, respectively, by chapter 327 impliedly repealed the five-mile range and provided instead that a city may not exercise plat approval authority outside the city's extraterritorial jurisdiction as that area is determined by article 970a. It is our opinion that "said extraterritorial jurisdiction" within the meaning of article 6626aa is a city's extraterritorial jurisdiction as determined by article 970a. Article 6626aa expressly states that in areas under a city's extraterritorial jurisdiction as defined by article 970a, a plat may not be filed without the authorization of both the city and the county. Article 970a establishes extraterri-torial jurisdiction of one mile for a city with Palestine's popula-tion. V.T.C.S. art. 970a, §3(A)(2). Article 6626aa expressly provides that inside "said extraterritorial jurisdiction" (one mile in the case of Palestine), the city and the county may independently

regulate subdivisions. The city may exercise its authority under articles 970a and 974a and other applicable statutes to extend by ordinance the city's rules and regulations governing plats and subdivisions of land and to approve or disapprove maps and plats of subdivisions not conforming to the city's standards. The county may exercise its authority to regulate subdivisions under article 6626a (now article 6702-1, §2.401) and other applicable statutes. Either the city or the county may enforce its regulations. However, article 6626aa expressly provides that when the city's and the county's regulations conflict "inside said extraterritorial jurisdiction" (one mile in the case of Palestine), the more stringent regulations shall govern. See Attorney General Opinion JM-121 (1983).

Prior to the enactment of chapter 327, the Regular Session of the Sixty-eighth Legislature enacted the Property Code as a recodification of existing law without any substantive change in the law. The recodification of former article 6626 as section 12.002 of the Property Code provided that the commissioners court of a county must authorize the map or plat of a subdivision if the property is located five miles or more outside the corporate limits of a city and that the governing body or planning commission of the city must authorize a subdivision plat if the property is located within five miles of the corporate limits of the city. The enactment of chapter 327 impliedly repealed the provisions of section 12.002 of the Property Code to the extent that they conflicted with chapter 327.

Also prior to the enactment of chapter 327, the Regular Session of the Sixty-eighth Legislature placed the former version of article 6626a in the County Road and Bridge Act without amendment. Acts 1983, 68th Leg., ch. 288, §2.402, at 1459 (codified as art. 6702-1, V.T.C.S.). In addition to the fact that chapter 327 was a later enactment by the same session, subsequently in July 1984, the County Road and Bridge Act was revised and reenacted to incorporate in that act the same provisions which had been enacted as article 6626a by chapter 327 and to expressly repeal article 6626a. See V.T.C.S. art. 6702-1, §2.401, as amended by Acts 1984, 68th Leg., 2d C.S., ch. 8, at 44. See also Attorney General Opinion JM-121 at 510.

In Attorney General Opinion JM-121, this office concluded that the five-mile range for city approval of subdivision plats contained in both article 6626 and article 974a were impliedly repealed in 1983 by the enactment of article 6626aa in chapter 327. Subsequently, the Sixty-ninth Legislature amended section 1 of article 974a for the limited purpose of authorizing use of a corner of the survey or tract to be subdivided as a reference point for the plat, in addition to the use of the original corner of the original survey. Acts 1985, 69th Leg., ch. 346, at 2601. In so doing, the legislature reenacted the original language in section 1 of article 974a which states that the owner of a tract of land situated within the corporate limits, or

Honorable S. Dorbandt Carroll - Page 4  (JM-365)

within five miles of the corporate limits, of a city shall cause a plat to be made which describes the subdivision by metes and bounds and locates it with respect to a corner of the survey. We do not believe that the act of the Sixty-ninth Legislature reinstated the five-mile range for city approval of subdivision plats.

The original act relating to the platting of subdivisions was passed in 1927, giving cities authority over the filing of plats of subdivisions within five miles of the city limits. In 1944, the Texas Supreme Court held that an amendment to article 6626 in 1931, giving counties map and plat approval authority, repealed the article 974a "extraterritorial" plat-approval jurisdiction of the cities. See Trawalter v. Schaefer, 179 S.W.2d 765 (Tex. 1944); Attorney General Opinion JM-20 (1983). A 1949 act of the legislature amended section 1 of article 974a by making the requirements more detailed for maps or plats of land lying within incorporated cities or within five miles of a city. In 1951, a Texas court of civil appeals held that the 1949 act amending section 1 of article 974a did not restore to the cities the subdivision plat authority which had been vested in the cities prior to the 1931 amendment of article 6626. The court stated that if the legislature desired to reinvest the cities with authority over maps and plats of subdivided land outside the city limits, the legislature must use language indicating a clear intention to modify the provisions of the 1931 amendment to article 6626. See City of Corpus Christi v. Gouger, 236 S.W.2d 870 (Tex. Civ. App. - San Antonio 1951, writ ref'd). It is our opinion that a court also would determine that the 1985 amendment of section 1 of article 974a, which relates only to survey information required for subdivision plats, does not impliedly repeal the provisions of article 6626aa and article 6702-1, section 2.401, just as the court of civil appeals determined that the 1949 amendment of section 1 of article 974a, which related to detailed requirements of subdivision plats, did not impliedly repeal the provisions of article 6626 which earlier had deprived cities of the authority to disapprove subdivision plats outside the city limits.

Hence, we conclude that the basic statutory provisions that determine the power and duty of Palestine and Anderson County to approve maps and plats of subdivisions located outside the city are section 2.401 of the County Road and Bridge Act, article 6702-1, V.T.C.S., and section 1 of article 6626aa, V.T.C.S. Additionally, articles 970a and 974a, V.T.C.S., determine the area of the city's extraterritorial jurisdiction and the city's regulatory authority in that area.

S U M M A R Y

A map or plat of a subdivision located within the city of Palestine's one-mile extraterritorial jurisdiction shall not be filed with the county

clerk without the authorization of both the city of Palestine and Anderson County. Both the city and the county may independently regulate subdivisions within the area of the one-mile extraterritorial jurisdiction except that, when the regulations of the city and the county are in conflict, the more stringent provisions prevail. Only the county is authorized to approve or disapprove plats of subdivisions located in unincorporated areas outside the city's one-mile extraterritorial jurisdiction.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk