# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00202-CV

**Hartford Insurance Company, Appellant**

**v.**

**John Crain, Appellee**

## FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT
## NO. CV05952, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## O P I N I O N

Hartford Insurance Company appeals from the dismissal of its suit for judicial review of a final decision by the Texas Workers' Compensation Commission (TWCC) appeals panel.[1] Hartford appealed the appeals-panel decision in district court within 40 days after the date the appeals panel filed its decision with the TWCC. Crain subsequently filed a plea to the jurisdiction, arguing that the appeal was untimely because Hartford failed to meet the 30-day deadline for seeking judicial review of a contested case under the Texas Administrative Procedure Act (APA). *See* Tex. Gov't Code Ann. § 2001.176 (West 2000). After a hearing, the trial court granted Crain's plea to the jurisdiction. Because we hold that the 40-day deadline provided by section 410.252 of the

---

[1]  The TWCC was abolished as of September 1, 2005, and its functions were assumed by the division of workers' compensation within the Texas Department of Insurance. Because the majority of the underlying decisions in this case were issued by the TWCC, we will refer to both the TWCC and its successor as the TWCC.

labor code applies to Hartford's petition for judicial review, we will reverse the trial court's order granting the plea to the jurisdiction and remand for further proceedings consistent with this opinion. *See* Tex. Lab. Code Ann. § 410.252 (West 2006).

## BACKGROUND

The administrative dispute that gave rise to this case involves the necessity of spinal surgery to treat an injury sustained by Crain. The parties agree that Crain's injury is a compensable workers' compensation injury.

Within the workers' compensation system, when a dispute arises over the medical necessity of a health care service, the medical necessity is reviewed by an independent review organization (IRO). Tex. Lab. Code Ann. § 413.031(d), (e) (West 2006 & Supp. 2007). If the dispute remains unresolved after the IRO's review, a party to the dispute has the opportunity to appeal the IRO's decision. *Id.* § 413.031(k), (*l*). In all medical-necessity disputes other than those involving spinal surgery, the party may appeal to the State Office of Administrative Hearings, where a hearing is conducted in the manner provided for in the APA. *Id*. § 413.031(k). However, a party to a medical-necessity dispute regarding spinal surgery that remains unresolved after the IRO's review must follow the dispute-resolution procedures provided by chapter 410 of the labor code. *Id*. § 413.031(*l*).

Chapter 410 of the labor code provides a dispute-resolution process that includes a contested-case hearing before a TWCC hearing officer and the opportunity for an appeal of the hearing officer's findings to the TWCC appeals panel. *Id*. §§ 410.151, 410.202 (West 2006). If a

party is dissatisfied with the appeals panel's decision, it may request judicial review by the district court.  *Id*. § 410.251 (West 2006).

On July 27, 2004, an IRO concluded that spinal surgery was reasonable and medically necessary to treat Crain's injury.  Hartford timely appealed the IRO's decision and requested a contested-case hearing under chapter 410 of the labor code.  After the hearing, a TWCC hearing officer issued a decision and order affirming the IRO decision.  Hartford then appealed the hearing officer's findings to the TWCC appeals panel.

On January 18, 2005, the TWCC provided notice to Hartford that the appeals panel had not issued a written decision on Hartford's appeal within 30 days after the response was filed with the TWCC and that therefore the hearing officer's decision and order were final.  The notice specifically stated that the hearing officer's decision and order became final on January 18, 2005, and that if the parties were not satisfied with the decision, they could file suit for judicial review of the appeals panel's decision in district court no later than the 40th day after that date.  Hartford filed its petition for judicial review within the filing period given on the notice from the TWCC.[2]

Crain filed a plea to the jurisdiction, arguing that Hartford's petition should have been filed within 30 days after the appeals-panel decision was filed with the TWCC, pursuant to the APA.  *See* Tex. Gov't Code Ann. § 2001.176.  Hartford argued that petitions for judicial review of appeals-

---

[2]  The 40th day after January 18, 2005, was Sunday, February 27, 2005.  However, title 28, section 102.3(a)(3) of the Texas Administrative Code, which governs the computation of time for TWCC purposes, provides that "unless otherwise specified, if the last day of any period is not a working day, the period is extended to include the next day that is a working day."  Therefore, the deadline to appeal the decision was Monday, February 28, 2005.  Hartford mailed its petition for judicial review on February 25, 2005, and it was received by the Court on Monday, February 28, 2005.

panel decisions involving spinal-surgery disputes are not governed by the 30-day deadline of the APA, and instead must be filed within 40 days after the appeals-panel decision is filed with the TWCC, pursuant to section 410.252 of the labor code. The trial court granted Crain's plea to the jurisdiction, and this appeal followed.

## STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The facts of this case are undisputed and the question of whether the trial court had subject-matter jurisdiction turns solely on an issue of statutory construction. Statutory construction is a legal question that we review de novo, ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words. *State v. Schumake*, 199 S.W.3d 279, 284 (Tex. 2006). We must read the statute as a whole, rather than just isolated portions, giving meaning to the language that is consistent with other provisions in the statute. *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 872-73 (Tex. 2005); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

## DISCUSSION

This case turns entirely on a determination of whether a petition for judicial review of medical-necessity disputes regarding spinal surgery must be filed in accordance with the 40-day deadline provided in section 410.252 of the labor code or the 30-day deadline provided by the APA.

4

The parties agree that dispute resolution involving the medical necessity of spinal surgery is governed by chapter 410 of the labor code. Within chapter 410, subchapter F is entitled, "Judicial Review - General Provisions." Subchapter F contains section 410.252, which states, "A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." Hartford argues that, based on section 410.252, the 40-day deadline applies in this case and therefore Hartford's petition for judicial review was timely filed.

However, subchapter F also contains section 410.255, which states, "For all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code." Tex. Lab. Code Ann. § 410.255 (West 2006). This reference to the government code encompasses the judicial-review provisions of the APA. *See* Tex. Gov't Code §§ 2001.171- .178 (West 2000). The exclusionary language of section 410.255 requires us to look to section 410.301(a), located in subchapter G, which states, "Judicial review of a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter." Tex. Lab. Code Ann. § 410.301(a) (West 2006). Reading these two provisions together, it becomes clear that appeals-panel decisions regarding compensability or income or death benefits are reviewed as required by subchapter G of chapter 410, while all other decisions are reviewed as provided by the APA.

Crain argues that petitions for judicial review of appeals-panel decisions regarding issues other than compensability or income or death benefits must be filed within the 30-day

5

deadline set forth in the APA. *See* Tex. Gov't Code Ann. § 2001.176(a) ("A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the day on which the decision that is the subject of the complaint is final and appealable."). Crain further argues that a spinal-surgery dispute does not constitute an issue regarding compensability or income or death benefits, making the decision in this case subject to the 30-day deadline.

Hartford, while contending that a spinal-surgery dispute affects compensability or income or death benefits, asserts that the 30-day deadline created by the APA is inapplicable, regardless of whether judicial review of a spinal-surgery dispute is to be conducted under the APA or subchapter G of chapter 410. Hartford argues that the 40-day deadline provided by section 410.252 applies to all appeals-panel decisions, and that section 410.255, which provides that judicial review should be conducted under the APA, simply refers to the *manner* in which judicial review is to be conducted, rather than the relevant deadlines. In light of the traditional statutory-construction principle that more specific statutes control over those that are more general, we agree. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex. 2000).

Subchapter F of chapter 410 is titled "Judicial Review - General Provisions," while subchapter G is titled "Judicial Review of Issues Regarding Compensability or Income or Death Benefits." Section 410.252 specifically states that a party has 40 days to file suit once an appeals-panel decision has been filed. There is no mention in section 410.252—which is contained in the general provisions of subchapter F—that the 40-day deadline is limited to those decisions that are reviewed under subchapter G. Three provisions later, section 410.255 states that "judicial review shall be conducted *in the manner* provided for judicial review of a contested case" under the APA

6

(emphasis added). The APA sets forth general procedures for administrative contested cases, including the applicable standard of review and the requirement that the review be conducted without a jury. *See* Tex. Gov't Code Ann. §§ 2001.171-.178 (West 2000). Because section 410.252 of the labor code specifically creates a deadline applicable to the judicial review of appeals-panel decisions, it controls over the more general provision of section 410.255, which merely provides that judicial review of certain appeals-panel decisions shall be conducted in the manner provided for judicial review under the APA. We read section 410.255's requirement that review of appeals-panel decisions be conducted "in the manner provided for judicial review" under the APA as relating to matters such as the standard of review and the lack of a jury trial, rather than the deadline for filing a petition.

Furthermore, the placement of 410.252 in subchapter F, under "Judicial Review - General Provisions," is further evidence that the legislature intended the 40-day deadline to apply to all appeals-panel decisions. If the legislature intended the 40-day deadline to apply solely to appeals panel decisions regarding compensability or income or death benefits, it could easily have included the deadline provision under subchapter G, which is titled, "Judicial Review of Issues Regarding Compensability or Income or Death Benefits." In construing a statute, we must ascertain the legislative intent by looking to the entire act, including the caption and body. *Trawalter v. Schaefer*, 179 S.W.2d 765, 767 (Tex. 1944).

Our interpretation of chapter 410 of the labor code is consistent with the language of the notice sent to Hartford by the TWCC, which advises parties that they have 40 days from the date the decision is filed with the TWCC to file a petition for judicial review. While the record does not

7

conclusively establish whether the TWCC has taken an official position on this issue, the language of the notice suggests that the TWCC interprets the labor code to provide a 40-day deadline for filing a petition in cases such as Crain's. An agency's interpretation of its enabling statute is entitled to deference by the courts so long as it is reasonable and does not contradict the plain language of the statute. *Public Util. Comm'n v. Gulf States Util. Co.*, 809 S.W.2d 201, 207 (Tex. 1991).

Crain cites to a number of cases in which courts have noted that the 30-day deadline for filing a petition for review under the APA applies to decisions by the TWCC appeals panel regarding issues other than compensability or income or death benefits. *See State Office of Risk Mgmt. v. Herrera*, 189 S.W.3d 405, 407 (Tex. App.—Amarillo 2006, no pet.) (stating that "according to all involved," if disputed issues encompass matters of compensability or coverage, "then the 30-day period supposedly applies"); *Beaumont Indep. Sch. Dist. v. Parkerson*, 105 S.W.3d 761, 763 (Tex. App.—Beaumont 2003, no pet.) (finding that petition for review filed on 39th day was timely because disputed issue fell under 410.301 and therefore 40-day limit applied); *Walker v. Argonaut Southwest Ins. Co.*, 929 S.W.2d 499, 501 (Tex. App.—Texarkana 1996, pet. denied) ("[I]f Walker sought judicial review for any purpose other than the panel's determinations on compensability or eligibility for or the amount of income or death benefits, he was required to file his suit within thirty days of the decision."). We are not persuaded by these cases, however, because any statements to the effect that the APA's 30-day deadline applies to certain decisions by the TWCC appeals panel were dicta; none of the cited cases hold that a trial court

8

lacked subject-matter jurisdiction to review a TWCC appeals-panel decision because a party failed to meet the APA's 30-day deadline.[3]

The parties have exhaustively briefed the issue of whether a spinal-surgery dispute is an issue regarding compensability or income or death benefits, and the resulting standard of review to be applied to appeals-panel decisions regarding spinal surgery. Issues regarding compensability or income or death benefits are to be reviewed using a modified de novo standard, Tex. Lab. Code Ann. § 410.301, while all other issues are reviewed using the substantial evidence rule, Tex. Lab. Code Ann. § 410.255(b). Based on our holding, however, the issues of whether spinal-surgery disputes affect compensability or income or death benefits, and whether such disputes should be reviewed using modified de novo or substantial evidence standards are not relevant to this appeal. Because we hold that the 40-day deadline provided in section 410.252 applies to all appeals-panel

---

[3] In *Morales v. Liberty Mut. Ins. Co.*, 169 S.W.3d 485 (Tex. App.—El Paso 2005), *rev'd*, No. 05-0754, 2007 Tex. LEXIS 1080 (Tex. Dec. 7, 2007), the court affirmed an order of dismissal for want of jurisdiction because the appellant had filed a petition for judicial review in the employee's county of residence, as required by section 410.252(b) of the labor code, rather than Travis County, the required venue provision of the APA. *See* Tex. Gov't Code Ann. § 2001.176 (West 2000). However, the supreme court reversed this decision, finding that the appellant's dispute concerned compensability and therefore that the employee's county of residence was not an improper venue. *Morales v. Liberty Mut. Ins. Co.*, No. 05-0754, 2007 Tex. LEXIS 1080 (Tex. Dec. 7, 2007). While the supreme court's opinion states in dicta that "[a]n appeal from a decision that does not concern compensability must be filed in Travis County," *id.* at *6, the holding is that the underlying dispute is an issue regarding compensability and is therefore subject to judicial review under section 410.301. *See id.* at *15. Like the cases cited by Crain, *Morales* does not specifically hold that a trial court lacks subject-matter jurisdiction to review a TWCC appeals-panel decision because a party followed the filing deadlines set forth in section 410.252, rather than the APA.

9

decisions, regardless of whether the issue relates to compensability or income or death benefits, the trial court erred in granting Crain's plea to the jurisdiction.[4]

## CONCLUSION

Because we have determined that Hartford's petition for judicial review of the appeals panel's decision is governed by the 40-day deadline set forth in section 410.252 of the labor code, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Reversed and Remanded

Filed:   February 8, 2008

---

[4]   We express no opinion regarding the appropriate standard of review for spinal-surgery disputes or whether a spinal-surgery dispute relates to compensability or income or death benefits.