

# The Attorney General of Texas

March 24, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
945/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable M. G. Wells
County Attorney
Anderson County Courthouse
P. O. Box 707
Palestine, Texas    75801

Opinion No. JM-20

Re: Approval of subdivision plats

Dear Mr. Wells:

You have asked about the authority of the city of Palestine, an incorporated home rule city, to approve or disapprove subdivision maps and plats for land located beyond the city limits.

Both articles 974a, V.T.C.S., and 6626, V.T.C.S., provide that maps and plats of subdivisions located within five miles of the corporate limits of an incorporated city must be approved by city authorities in order to be filed or recorded. This would end the matter were it not for articles 970a, V.T.C.S., and 6626a, V.T.C.S., which, it has been argued, conflict with those first mentioned. In our opinion, the statutes in question do not conflict, and the city of Palestine has not only the authority, but the duty, to approve or disapprove all maps and plats of subdivisions of land located within five miles of its corporate boundries.

Article 970a, the first of the acts said to conflict, is the Municipal Annexation Act. Among other things, it establishes a one mile zone of "extraterritorial jurisdiction" around cities the size of Palestine. Id. §3.A.(2). In addition to protecting the zoned territory from annexation by other cities, the statute allows a city to extend by ordinance the application of its rules and regulations governing plats and the subdivision of land "to all the area under its extraterritorial jurisdiction." From this, some have concluded that the authority of the city of Palestine to approve or disapprove subdivision plats is limited to a distance of one mile beyond its boundries.

The relationship of articles 970a, 974a, and 6626 is discussed in Pohl, Establishing and Altering the Character of Texas Subdivisions, 27 Baylor Law Review, 629 (1975). The history of the legislation is unclear.

Originally, cities of a certain size were given approval authority under article 974a over maps and plats of subdivisions within a five mile radius of their corporate boundaries. In 1944,

however, the Texas Supreme Court held that an amendment to article 6626 (giving counties map and plat approval authority) repealed the article 974a "extraterritorial" plat-approval jurisdiction of municipalities. See Trawalter v. Schaefer, 179 S.W.2d 765 (Tex. 1944). A later court held that counties could not impose substantive requirements under article 6626 as a condition for county approval of subdivision maps or plats. See Commissioners' Court v. Frank Jester Development Company, 199 S.W.2d 1004 (Tex. Civ. App. - Dallas 1947, writ ref'd n.r.e.). In this state of affairs, neither cities nor counties could regulate the mapping and platting of subdivisions outside city limits. Cf. City of Corpus Christi v. Gouger, 236 S.W.2d 870 (Tex. Civ. App. - San Antonio 1951, writ ref'd) (amendment to article 974a in 1949 did not impliedly repeal authority given to commissioners' court by article 6626).

In 1951 the legislature passed two statutes dealing with the matter. The first passed, article 2372k, V.T.C.S., gave larger counties the power to promulgate certain requirements to be met by persons subdividing land situated "outside the boundaries of any incorporated town or city," and it expressly repealed conflicting laws. Later, during the same session of the legislature, article 6626 -- applicable to large and small counties alike -- was amended. As amended, article 6626 returned to cities the authority and duty to approve or disapprove maps and plats of subdivisions located within five miles of city limits "as provided in Article 974a." Attorney General Daniel concluded in Attorney General Opinion V-1401 (1952) that the later article 6626 amendment repealed the conflicting provisions of article 2372k, and that cities, not counties, had the power to approve or disapprove maps and plats within the five mile zone.

Implicit in the conclusion of Attorney General Daniel was the further conclusion that by incorporating the reference to article 974a, the amendment to article 6626 conferred upon cities the same authority within the five mile zone that they had exercised prior to the supreme court's 1944 Trawalter decision. That authority included the power to withhold approval of plats and maps of subdivisions not conforming to the general plans of the city. V.T.C.S., art. 974a, §4.

Subsequently, in 1957, article 6626a, V.T.C.S., was enacted giving smaller counties the same map and plat approval powers article 2372k had previously given larger counties "without the corporate limits of any city," but its repealer clause specified that nothing therein should "repeal, nullify, alter or change the rights of Home Rule Charter cities to regulate, zone, and restrict subdivisions within a five (5) mile radius of their corporate limits." Acts 1957, 55th Leg., ch. 436, §5, at 1302, 1303. In 1961, the legislature further specified that the 1957 enactment had not limited the requirement of prior approval of plats by cities. Acts 1961, 57th Leg., ch. 449, §2, at 1022, 1023. See Attorney General Opinion H-1057 (1977).

Taken together, we think these provisions show a legislative intent that article 6626 invest all cities with power to regulate subdivisions within a five mile zone, and that counties have limited regulatory powers over other subdivisions in the county under articles 2372k and 6626a, V.T.C.S.  See Attorney General Opinion H-904 (1976). But see Attorney General Opinions WW-1438 (1962), C-459 (1965).  This was the state of the law in 1963 when article 970a, V.T.C.S., the Municipal Annexation Act, was enacted.

The Municipal Annexation Act is only incidentally concerned with the approval of plats and maps.  It establishes, primarily for annexation purposes, a protected one mile "extraterritorial jurisdiction" zone for cities of Palestine's population bracket. Incidentally the act allows such cities to extend the application of particular ordinances establishing rules and regulations governing plats and subdivisions of land to the area, and to enforce them by ·injunctive relief.  On the other hand, article 6626 requires cities to exercise plat approval authority within a five mile zone, and, through the incorporation of article 974a, section 4 of article 6626 makes it the duty of city officials to approve plans (after public hearing), plats or replats that conform to the general plan of the city and meet the general rules and regulations promulgated by the city for subdivisions.

We do not believe the "one mile" provision of the Municipal Annexation Act must be read to repeal the "five mile" provisions of articles 974a and 6626.  Although each statute addresses the extraterritorial powers of a city with respect to plats and subdivisions, they do it in ways that are not inconsistent.  There is no repugnancy between the concept (1) that cities have the power to require subdivisions within five miles of the city to conform to general plans and general rules and regulations regarding plats and maps before approving subdivision plats and (2) that cities have the additional power to enforce by injunction particular ordinances respecting subdivisions only within one mile of the city limits.

If two statutory provisions can be reasonably construed so that both may stand, neither will be held to repeal the other.  See 53 Tex. Jur. 2d, Statutes §104, at 153.  Moreover, the 1963 enactment specified that it did not repeal the act codified as article 974a, V.T.C.S.,

> as last amended or any other law or part of law
> upon the subject of which the provisions of this
> Act relate unless they are expressly inconsistent
> and then only to the extent of such inconsistency.

Acts 1963, 58th Leg., ch. 160, art. III, at 447, 454.  In our opinion, the enactment of article 970a did not repeal any provision of either articles 974a or 6626, nor affect their operation.

Consequently, we advise you that unless the appropriate municipal authority of the city of Palestine has approved a subdivision map or plat for land located within five miles of its city limits (but not within five miles of a larger city), the county clerk is without authority to file it. V.T.C.S. art. 6626. We also advise that county approval is unnecessary for the maps and plats of subdivisions so situated, and that the authority given counties by articles 2372k and 6626a to regulate construction and widths of rights-of-way and streets applies only to subdivisions located more than five miles from the city's boundries. See Attorney General Opinions H-904 (1976); V-1401 (1952). Cf. Attorney General Opinions H-1146 (1978); H-1057 (1977). Attorney General Opinions C-459 (1965); WW-1438 (1962) (disapproved to the extent of conflict herewith).

## S U M M A R Y

The county clerk of Anderson County is not authorized to file a map or plat of a subdivision of land located within five miles of the city of Palestine unless it has been approved by the appropriate city authority. County approval is unnecessary.

Very truly your

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
George Gray
Jim Moellinger
Bruce Youngblood