# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00303-CV

---

**Lost Pines Groundwater Conservation District; Aqua Water Supply Corporation; City of Elgin Environmental Stewardship; Recharge Water, LP; and Andy Wier, Appellants**

**v.**

**Lower Colorado River Authority, Appellee**

---

### FROM THE 335TH DISTRICT COURT OF BASTROP COUNTY
### NO. 2130-335, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

I concur with the majority that the language in *End Op* is not dicta and we are bound to follow it in the present appeal. *See End Op, L.P. v. Meyer*, No. 03-18-00049-CV, 2018 WL 4102013, at *2 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.); *see also Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (explaining that "three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless" superseded by en banc decision or higher-court ruling). I therefore also concur with the judgment of the majority that, because we are bound by *End Op*, we must conclude that the trial court lacked subject matter jurisdiction over LCRA's suit for judicial review because LCRA did not timely file its suit. *See End Op*, 2018 WL 4102013, at *2 (holding that motion for rehearing was overruled by operation of law based on 55-day Administrative Procedure Act (APA)

deadline); *see also* Tex. Water Code § 36.413(b) (requiring that appeal to district court must occur "not later than the 60th day after the date on which the decision becomes final").

However, I believe that this Court's decision in *End Op* was wrongly decided and that this Court should consider this appeal en banc to overrule *End Op*. The Water Code establishes a three-step administrative process for a groundwater conservation district's consideration of a contested permit application: (1) the district may schedule a public hearing and issue a notice about said hearing, Tex. Water Code §§ 36.403 ("Scheduling of Public Hearing"), .404 ("Notice"); (2) a contested case hearing then may be heard either by the district or referred to the State Office of Administrative Hearings (SOAH), *id.* § 36.4051 ("Board Action; Contested Case Hearing Requests; Preliminary Hearing"); and (3) a proposal of decision is submitted to the district's board, which is empowered to make the final decision on the application, *id.* §§ 36.410 ("Proposal for Decision"), .411 ("Board Action"), .4165 ("Final Decision; Contested Case Hearings").

Relevant here, "[i]f a district contracts with [SOAH] ***to conduct a hearing***, ***the hearing*** shall be conducted as provided by Subchapters C, D, and F" of the APA. *Id.* § 36.416(a) (emphasis added). When interpreting statutory text, we are guided by the well-settled legal principles laid out by the Texas Supreme Court:

> [W]e must look to the plain language, construing the text in light of the statute as a whole. A statute's plain language is the most reliable guide to the Legislature's intent. The statutory terms bear their common, ordinary meaning, unless the text provides a different meaning or the common meaning leads to an absurd result. This Court may not impose its own judicial meaning on a statute by adding words not contained in the statute's language. If the statute's plain language is unambiguous, we interpret its plain meaning, presuming that the Legislature intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include. The statutory words must be

2

determined considering the context in which they are used, not in isolation.

*Miles v. Texas Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 619 (Tex. 2022) (quoting *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019) (internal citations omitted)).

The plain meaning of the statutory provision demonstrates that "the hearing" conducted pursuant to the APA is the same hearing described in the immediately preceding conditional clause: "a hearing" before SOAH. *See* Tex. Water Code § 36.416(a); *Miles*, 647 S.W.3d at 619. But after the SOAH administrative law judge issues their proposal for decision, the district's board is then empowered with "the authority to make a final decision." Tex. Water Code § 36.4165(a); *see also id.* § 36.4165(d) (requiring that district board "shall issue a final decision under this section not later than the 180th day after the date of receipt of the final proposal for decision from" SOAH). Only after the district issues its final decision may a party move for rehearing of the decision ***by the district's board***. *See id.* §§ 36.4165(c)–(e), .412.

When interpreting Section 36.416(a) in the context of the statute as a whole, *see Miles*, 647 S.W.3d at 619, that statutory provision requires application of APA procedures ***only*** to the hearing conducted by SOAH. The subsequent actions of the district's board after the SOAH administrative law judge issues their proposal for decision remain governed by Subchapter M of the Water Code. *See* Tex. Water Code §§ 36.401–.418 ("Permit and Permit Amendment Applications; Notice and Hearing Process"). Accordingly, if a party to a contested hearing timely requests a rehearing, the 90-day deadline under Section 36.412(e) governs when the board must act on the rehearing request. *See id.* § 36.412(e) ("The failure of the board to grant or deny a request for rehearing before the 91st day after the date the request is submitted is a denial of the request."). To hold that the APA deadlines for motions for rehearing apply to the

3

post-SOAH stage of the contested case proceeding would go beyond the plain meaning of the language in Section 36.416 and apply the APA more broadly than intended by the Legislature. *See id.* § 36.418(b) ("Except as provided by this section and Sections 36.416 and 36.4165, [the APA] does not apply to a hearing under this subchapter.").

Consistent with this analysis, our sister court has similarly held that the 90-day deadline under Section 36.412(e) applied to determine finality of a groundwater conservation district's decision. *See Cockrell Inv. Partners, L.P. v. Middle Pecos Groundwater Conservation Dist.*, 676 S.W.3d 677, 685 (Tex. App.—El Paso 2023, pet. filed). Although some of the parties before us either attempt to distinguish that case or argue that the 90-day deadline under Section 36.412 applies only to contested permit applications that are not referred to SOAH, the relevant statutory text does not expressly distinguish or limit the 90-day deadline to only certain types of contested hearings. *See* Tex. Water Code § 36.412(e) ("The failure of the board to grant or deny a request for rehearing before the 91st day after the date the request is submitted is a denial of the request.").

Intervenors argued that the APA rehearing deadlines apply because the "hearing" referenced in Section 36.416(a) means the entire "contested case hearing," which Intervenors contend is a term of art used within the relevant statutory provisions. *See id.* § 36.418(a) (providing that district "may adopt rules establishing procedures for contested hearings consistent with" APA); *cf. Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 248 (2014) ("[I]t is a cardinal rule of statutory construction that, when Congress employs a term of art, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it is taken." (quoting *FAA v. Cooper*, 566 U.S. 284, 292 (2012) (internal quotation marks omitted)). That interpretation, however, overreads Section 36.416(a);

4

that subsection instead expressly provides that the APA applies when SOAH conducts a hearing. *See* Tex. Water Code § 36.416(a) ("If a district contracts with [SOAH] to conduct a hearing, the hearing shall be conducted as provided by Subchapters C, D, and F [of the APA]."). When used in this way, "conduct" implies "a degree of management, control, and authority over what is being conducted." *Rivera v. State*, 507 S.W.3d 844, 855 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (citing various definitions of "conduct"); *see also Conduct, Webster's Third New Int'l Dictionary* 474 (2002) (defining "conduct" as "to have the direction of" and listing synonyms as "run, manage, direct"); *Conduct, Compact Oxford English Dictionary* 310 (2d ed. 1987) (defining "conduct" as "to lead, command, direct, manage"); *Conduct, Merriam–Webster.com*, www.merriam-webster.com/dictionary/conduct (last visited May 16, 2024) (defining "conduct" as "to direct or take part in the operation or management of" and "to direct the performance of"). The unambiguous language of Section 36.416 thus constrains the APA's applicability to only the portions of the contested case hearing during which SOAH exercises any management or control over the proceedings. *Cf. Hartford Ins. Co. v. Crain*, 246 S.W.3d 374, 378 (Tex. App.—Austin 2008, no pet.) (concluding that Texas Labor Code provision requiring "review of appeals-panel decisions be conducted 'in the manner provided for judicial review' under the APA as relating to matters such as the standard of review and the lack of a jury trial, rather than the deadline for filing a petition" (quoting Tex. Lab. Code § 410.255(a))). If the Legislature had intended the entire contested case hearing to be governed by the APA, including the final phase of the proceeding conducted by the district itself, then the Legislature could have included language to that effect. *See id.* (explaining that if Legislature intended for the APA deadline to apply, "it could easily have included the deadline provision" in the applicable Labor Code provision); *see also Miles*, 647 S.W.3d at 619 (explaining that we must "presume[e] that the Legislature

5

intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include" (quoting *Silguero*, 579 S.W.3d at 59)).

We therefore are left with our Court's decision in *End Op*, which applied the APA's 55-day deadline, rather than the Water Code's 90-day deadline, for determining when the motion for rehearing is overruled by operation of law.[1] *See End Op*, 2018 WL 4102013, at *2. That determination, however, wrongfully extended the scope of Section 36.416 by incorrectly stating that the APA applied to the entire "[a]dministrative appeal," rather than only the hearing conducted by SOAH. *See End Op*, 2018 WL 4102013, at *2; *see also* Tex. Water Code § 36.416(a). Changing "hearing" to "administrative appeal," however, imposes a judicial meaning onto Section 36.416 that makes the APA apply more expansively than what the Legislature intended, using language not contained in the statute. *See Miles*, 647 S.W.3d at 619 ("This Court may not impose its own judicial meaning on a statute by adding words not contained in the statute's language." (quoting *Silguero*, 579 S.W.3d at 59)).

Because *End Op* interprets Section 36.416 to wrongly supplant the Water Code rehearing deadlines with inapplicable deadlines under the APA, en banc reconsideration is justified to overrule the portions of *End Op* that were wrongly decided and that create unnecessary confusion in the administrative procedure for seeking judicial review of groundwater permit application decisions. *See* Tex. R. App. P. 41.2(c) ("En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc

---

[1]  As mentioned in *End Op*, the Court reached its holding based on "the predicate question of jurisdiction" that was not the primary issues briefed by the parties on appeal. *See End Op, L.P. v. Meyer*, No. 03-18-00049-CV, 2018 WL 4102013, at *2 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.).

consideration."); *Twigland Fashions, Ltd. v. Miller*, 335 S.W.3d 206, 226 (Tex. App.—Austin 2010, no pet.) (Woodfin, C.J., concurring) (describing "extraordinary circumstances" warranting en banc reconsideration).[2]

For this reason, I respectfully concur.

 

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Smith and Theofanis
  Concurring Opinion joined by Justice Smith

Filed:   June 28, 2024

---

[2] If this Court sitting en banc were to overrule *End. Op.* and hold that the 90-day deadline under Section 36.412(e) of the Water Code applies for determining when a rehearing request is denied by operation of law, Tex. Water Code § 36.412(e), the Court would still need to address the remaining issues, including whether filing an amended petition cured the jurisdictional defect created when LCRA therefore prematurely filed its petition for judicial review, *see End Op*, 2018 WL 4102013, at *2 (explaining that "courts have no jurisdiction over a prematurely filed suit for review of administrative action" and APA savings clause provision "does not apply to" petition for judicial review in similar case); *see also Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566 (Tex. App.—Austin 2008, pet. denied) (concluding that trial court "never had jurisdiction over the case and could not therefore abate the case to allow time to cure"); *cf. Simmons v. State Bd. of Dental Exam'rs*, 925 S.W.2d 652, 654 (Tex. 1996) (considering that party faced conflict between statutes and "made every attempt to comply with both" in holding that motion to reinstate substantially satisfied the judicial-review requirement of APA and thus invoked district court's appellate jurisdiction).

7